**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CLOUDING IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 12-675 (LPS) |
| | § | |
| RACKSPACE HOSTING, INC., | § | **JURY TRIAL DEMANDED** |
| RACKSPACE US, INC., and JUNGLE | § | |
| DISK, LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS
FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**

|  |  |
|---|---|
| | Kenneth L. Dorsney (#3726) |
| | MORRIS JAMES LLP |
| *Pro Hac Vice:* | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, Delaware 19801 |
| R. LAURENCE MACON | (302) 888-6800 |
| TX State Bar No. 12787500 | kdorsney@morrisjames.com |
| lmacon@akingump.com | |
| KIRT S. O'NEILL | |
| TX State Bar No. 00788147 | |
| koneill@akingump.com | |
| MELANIE G. COWART | |
| TX State Bar No. 04920100 | |
| mcowart@akingump.com | |
| AKIN GUMP STRAUSS HAUER & FELD LLP | |
| 300 Convent Street, Suite 1600 | |
| San Antonio, Texas 78205-3732 | |
| Telephone: (210) 281-7000 | |
| Fax: (210) 224-2035 | |

**ATTORNEYS FOR DEFENDANTS
RACKSPACE HOSTING, INC.,
RACKSPACE US, INC., and JUNGLE DISK, LLC**

## **TABLE OF CONTENTS**

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS ....................................................................1

II.   SUMMARY OF THE ARGUMENT .................................................................................1

III.  STATEMENT OF RELEVANT FACTS ...........................................................................2

IV.  LEGAL STANDARD .........................................................................................................3

V.   ARGUMENT .......................................................................................................................4

      A.    Clouding's First Amended Complaint fails to state a claim for indirect infringement. ................................................................................................................4

      B.    Clouding's First Amended Complaint fails to state a claim for willful infringement. ................................................................................................................5

VI.  CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aschroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ................................................................................................3, 5

*Bell Atl. Corp v. Twombly,*
   550 U.S. 544 (2007) .......................................................................................................3

*Chalumeau Power Sys. LLC v. Alcatel-Lucent,*
   C.A. No. 11-1175-RGA (D. Del. July 18, 2012) (App. A).........................................5

*Global-Tech Appliances, Inc. v. SEB S.A.,*
   131 S. Ct. 2060 (2011) ...................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
   681 F.3d 1323 (Fed. Cir. 2012) ....................................................................................2

*In re Seagate Tech. LLC,*
   497 F.3d 1360 (Fed. Cir. 2007) ....................................................................................6

*LML Holdings, Inc. v. Pacific Coast Distributing Inc.,*
   No. 11-CV-06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012) ...................6

*Mallinckrodt, Inc. v. E-Z-Em Inc.,*
   670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................4, 5

*Proxyconn Inc. v. Microsoft Corp.,*
   No. SACV 11-1681 DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ................5

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,*
   113 F.3d 405 (3d. Cir. 1997) ........................................................................................3

*Softview LLC v. Apple Inc.,*
   No. 10-389-LPS, 2012 WL 3061027, *8 (D. Del. July 26, 2012) .....................2, 3, 6

*Xpoint Tech. v. Microsoft Corp.,*
   730 F. Supp. 2d 349 (D. Del. 2010) .....................................................................2, 4, 5

**STATUTES**

35 U.S.C. § 271(b) .................................................................................................................4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................1

## **APPENDIX**

Exhibit A:    *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* C.A. No. 11-1175-RGA (D. Del. July 18, 2012)

I.      **NATURE AND STAGE OF PROCEEDINGS**

On May 29, 2012, Clouding IP, LLC ("Clouding") filed a Complaint for Patent Infringement (D.I. 1) against Rackspace Hosting, Inc., alleging direct infringement of U.S. Patent Nos. 7,596,784, 7,065,637, 6,738,799, 5,495,607, 6,925,481, 7,254,621, 6,963,908, 6,631,449, and 6,918,014 (collectively, "patents at issue").  On August 20, 2012, Clouding filed a First Amended Complaint for Patent Infringement (D.I. 13), which added Defendants Rackspace US, Inc. and Jungle Disk, LLC.  Clouding's amended complaint also asserted new claims for direct infringement of U.S. Patent No. 7,032,089,[1] induced infringement of the '784, '637, '799, '481, '449, and '014 patents, and willful infringement of the '784, '637, '799, '607, '481, '621, '908, '449, and '014 patents.  Because the amended complaint fails to allege sufficient facts to support Plaintiff's claims for induced and willful infringement, Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss those claims.

II.     **SUMMARY OF THE ARGUMENT**

Plaintiff fails to meet the threshold requirements for asserting either induced or willful infringement.  Regarding the induced infringement claims, Plaintiff merely alleges that since the filing of the original complaint in this action, Defendants have "had actual knowledge" of the patents at issue, and "intend[] that [their] customer use products and/or services in a matter that infringes the claims of the [patent]." (D.I. 13 at ¶¶ 12, 14, 21, 23, 30, 32, 46, 48, 69, 71, 78, and 80).  But these statements are insufficient to state a claim for induced infringement.  Plaintiff's failure to allege *any* pre-filing knowledge or *any* facts supporting intent is a failure to state a

---

[1] Clouding does not allege induced or willful infringement of the '089 patent, and therefore it is not relevant to this motion.

plausible claim that Defendants induced infringement of the patents at issue.[2] *See, e.g., Xpoint Tech. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 356 (D. Del. 2010); and *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Similarly, Plaintiff's willfulness allegations should also be dismissed because they are based solely on Defendants' post-filing conduct. (D.I. 13 at ¶ 15, 24, 33, 40, 49, 56, 63, 72, and 81) ("Since at least the filing of the original complaint, [Defendants were] aware that there is an objectively high likelihood that [their] actions constituted, and continue to constitute, infringement of" the patents at issue.)  As recently recognized by this Court in *Softview LLC v. Apple Inc.,* "willful infringement allegations based only on post-filing conduct are inadequate." No. 10-389-LPS, 2012 WL 3061027, *8 (D. Del. July 26, 2012).  Accordingly, Plaintiff fails to state a plausible claim that Defendants willfully infringed the patents at issue.

### III.  STATEMENT OF RELEVANT FACTS

On August 20, 2012, Plaintiff filed its First Amended Complaint alleging direct, induced, and willful infringement of the patents at issue.  Plaintiff's copy-and-paste paragraphs contain the following allegations of Defendants' purported knowledge of each patent at issue:

> [Defendants have] had actual knowledge of the [patent] since at least the filing of the original complaint in this action.
>
> Since at least the filing of the original complaint, [Defendants were] aware that there is an objectively high likelihood that [their] actions constituted, and continue to constitute, infringement of the [patent].

---

[2] Plaintiff does not claim that Defendants induced infringement of U.S. Patent Nos. 5,495,607, 7,254,621, or 6,963,908.  Nevertheless, in the interest of brevity, Defendants refers to all the patents, except the '089 patent, as the "patents at issue" unless otherwise specified.

(D.I. 13 at ¶¶ 12, 15, 21, 24, 30, 33, 39, 40, 46, 49, 55, 56, 62, 63, 69, 72, 78, and 81). Plaintiff's First Amended Complaint contains no other allegations regarding Defendants' knowledge of the patents at issue.

The Amended Complaint also contains boilerplate allegations of intent related to Plaintiff's induced infringement allegations:

> [Defendants] further intend[] that [their] customer use products and/or services in a manner that infringes the claims of the [patent].

(D.I. 13 at ¶¶ 14, 23, 32, 48, 71, and 80). Plaintiff's amended complaint contains no other allegations regarding Defendants' intent to induce infringement.

## IV. LEGAL STANDARD

A court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See, e.g., Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, a court must accept as true all material allegations in the complaint. *Softview,* 2012 WL 3061027 at *2. But a court is not required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,* 113 F.3d 405, 417 (3d. Cir. 1997). In fact, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not state a claim, and mere labels and conclusions or naked assertions devoid of further factual enhancement are insufficient." *Aschroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (internal citations omitted). A plaintiff must allege sufficient facts to nudge its "claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Plaintiff has not done so here.

### V.     ARGUMENT

####   A.     Clouding's First Amended Complaint fails to state a claim for indirect infringement.[3]

Plaintiff's First Amended Complaint fails to state a claim for induced infringement because it fails to demonstrate that Defendants had actual knowledge of the patents at issue before being served with the original complaint or had the requisite intent to induce infringement.  Without such knowledge and intent, Plaintiff's claims for induced infringement must be dismissed.

Induced infringement must be predicated on "purposeful, culpable expression and conduct."  *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2066-67 (2011).  "To demonstrate inducement of infringement, the patentee must establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Xpoint,* 730 F. Supp. 2d at 356 (internal citations omitted).  That is, an inducement claim must allege the requisite knowledge and intent.  *Id.*

Moreover, it is well established that a party cannot be found liable for induced infringement during any time that the party did not know of or was not willfully blind to the patents in suit.[4]  *See* 35 U.S.C. § 271(b); *Global-Tech,* 131 S. Ct. at 2068, 2070-71.  And knowledge acquired *after* the filing of the lawsuit is insufficient for pleading the requisite knowledge for indirect infringement.  *Xpoint,* 730 F. Supp. 2d at 357; *see also Mallinckrodt, Inc.*

---

[3] Plaintiff does not claim that Defendants induced infringement of U.S. Patent Nos. 5,495,607, 7,254,621, or 6,963,908.  Accordingly, the phrase "patents at issue" in this section will refer only to U.S. Patent Nos. 7,596,784, 7,065,637, 6,738,799, 6,925,481, 6,631,449, and 6,918,014.

[4] Plaintiff did not—and cannot—allege willful blindness and therefore, Defendants do not address this issue.

*v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354 n. 1 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."); *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* C.A. No. 11-1175-RGA (D. Del. July 18, 2012) (dismissing allegations of indirect infringement postdating the filing of the original complaint) (App. A); *Proxyconn Inc. v. Microsoft Corp.,* No. SACV 11-1681 DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) (following those authorities that hold that knowledge after filing of lawsuit is insufficient for pleading the requisite knowledge for indirect infringement.)  Thus, to sufficiently plead a claim for induced infringement, Plaintiff must allege facts in its complaint that Defendants had knowledge of the patents at issue before the current lawsuit was filed and that Defendants had specific intent to induce infringement.  Plaintiff fails to do so.

Here, Plaintiff concedes that Defendants lacked any knowledge of the patents at issue prior to the filing of this lawsuit and merely recites boilerplate allegations of intent. (D.I. at ¶¶ 12-14, 21-23, 30-32, 46-48, 69-71, and 78-80).  Consequently, under established case law, Plaintiff's First Amended Complaint is insufficient to state a claim for induced infringement.  *See Xpoint,* 730 F. Supp. 2d at 357; *Mallinckrodt,* 670 F. Supp. 2d at 354 n. 1; *see also Iqbal,* 129 S. Ct. at 1950 (holding that "naked assertions devoid of further factual enhancement" do not plausibly state a claim).  Plaintiff's induced infringement claims must therefore be dismissed.

> **B.  Clouding's First Amended Complaint fails to state a claim for willful infringement.**

Clouding's First Amended Complaint similarly fails to state a claim for willful infringement because Defendants' alleged willfulness is based solely on post-filing conduct. Willful infringement requires proof that the defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," which necessarily includes

5

a requirement that the defendant knew of the patent, and specifically knew of the patent before the original complaint was filed. *In re Seagate Tech. LLC,* 497 F.3d 1360, 1371, 1374 (Fed. Cir. 2007) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also LML Holdings, Inc. v. Pacific Coast Distributing Inc.,* No. 11-CV-06173 YGR, 2012 WL 1965878, *6 (N.D. Cal. May 30, 2012) ("Knowledge of the Patents at Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct.")

Here, as discussed above, Plaintiff fails to allege any pre-suit knowledge of the patents at issue. Instead, Plaintiff merely alleges that since at least the filing of the original complaint in this action, Defendants were aware of an objectively high likelihood that their actions constituted infringement of the patents at issue. (D.I. 13 at ¶¶ 15, 24, 33, 40, 49, 56, 63, 72 and 81). That is, the First Amended Complaint lacks any allegations of Defendants' pre-suit knowledge of the patents at issue or pre-suit willfulness. And "willful infringement allegations based only on post-filing conduct are inadequate." *Softview,* 2012 WL 3061027 at *8. Accordingly, Plaintiff's allegations fail to state a claim for willful infringement and should be dismissed.

## VI. CONCLUSION

Plaintiff does not have a guaranteed right to allege induced and willful infringement—it must plead facts supporting those claims. Because Plaintiff failed to do so, Defendants respectfully request that the Court dismiss Plaintiff's induced and willful infringement claims, as set forth in paragraphs 13-15, 22-24, 31-33, 40, 47-49, 56, 63, 70-72, and 79-81, and the Prayer for Relief in Plaintiff's First Amended Complaint, for failure to state a claim.

Dated: September 7, 2012

                                      */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

– and –

*Pro Hac Vice:*

R. LAURENCE MACON
TX State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
TX State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
TX State Bar No. 04920100
mcowart@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

**ATTORNEYS FOR DEFENDANTS RACKSPACE HOSTING, INC., RACKSPACE US, INC., and JUNGLE DISK, LLC**

7

# EXHIBIT "A"

## TO

# DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-1175-RGA |
| ALCATEL-LUCENT, ALCATEL-LUCENT USA INC., and ALCATEL LUCENT HOLDINGS INC., | : |
| Defendants. | : |

**ORDER**

The Plaintiff filed an Amended Complaint. (D.I. 28). It alleges that three related defendants infringed its '885 patent by importing and selling the "OmniSwitch 6850 series of Power over Ethernet switches." (*Id.*, ¶¶ 10-12). In addition to allegations of direct infringement, Plaintiff alleged induced infringement, contributory infringement, and that the direct infringement was willful. Two of the Defendants (Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings, Inc.) have moved to dismiss the induced infringement, contributory infringement, and willfulness allegations for failure to state a claim.

The allegations of the Amended Complaint are insufficient to state a claim for indirect infringement (prior to the filing of the original complaint in this case). *See generally In re Bill of Lading Transmission and Processing System Patent Litigation*, 2012 WL 2044605 (Fed. Cir. June 7, 2012). Both induced infringement and contributory infringement require the defendant to know of the patent, and to know that the defendant's actions are either inducing or contributing to another's direct infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131

S.Ct. 2060, 2067-68 (2011) (actual, not constructive, knowledge required). It is true that the Plaintiff alleges actual knowledge and specific intent that others infringe, but there are only insufficient factual assertions to support the legal conclusion of actual knowledge, and no factual assertions at all to support the legal conclusion of specific intent.

The Amended Complaint states that twice in 2003, and once in 2004, in relation to three patent applications assigned to "Alcatel-Lucent," a patent examiner asserted that the '885 patent was prior art. (D.I. 28, ¶9). The Amended Complaint further states that it filed a lawsuit against unrelated defendants on June 28, 2011, asserting undescribed patent infringement of the '885 patent. (*Id.*). Those are factual assertions. They do not, however, in my judgment, make actual knowledge of the '885 patent's existence by the two moving defendants plausible. The connection between the moving defendants and the patent applications from nearly a decade ago are not explained sufficiently to make plausible that either of the defendants had actual knowledge. The suggestion that filing a lawsuit gives actual knowledge to an unrelated party is more fanciful.

In any event, even if actual knowledge were deemed to be sufficiently alleged, there is no factual basis at all to conclude that the defendants knew that the actions of others who obtained the OmniSwitch constituted infringement. Thus, the allegations of indirect infringement prior to the filing of the complaint will be dismissed.

Service of the original complaint gives the defendants actual notice of the patent's existence. It might also make plausible the claim that the defendant has the knowledge that third parties who are selling its product are directly infringing the '885 patent. *See Global-Tech Appliances, Inc., supra,* 131 S.Ct. at 2069-70 (2011) (willful blindness to the direct infringement sufficient). In this case, I do not think the Amended Complaint supplies any factual

accompaniment that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use. Thus, I need not consider the other purported deficiencies of the Amended Complaint. The allegations of indirect infringement postdating the filing of the original complaint will also be dismissed.

I believe, under the authority of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), that the claim of "willfulness" may be alleged generally, but that there must be facts alleged that "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See id.* at 210-11. Whether the facts are sufficient is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

The factual support for the allegation of willfulness made in the Amended Complaint is insufficient. The factual allegations do not plausibly support the conclusion that each defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that defendants knew or should have known that their actions constituted infringement of a valid patent. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

It is true that I have now dismissed the indirect infringement and willfulness allegations in this case twice. The case was filed on November 29, 2011, and, due to the motions practice, the defendants have not yet answered the complaint. I will not allow Plaintiff leave to file a second amended complaint at this time, but will not foreclose it from doing so at some later time, to be set at the Rule 16 conference.

IT IS HEREBY ORDERED, this 18th day of July 2012:

1. The Defendants' Motion to Dismiss (D.I. 33) is **GRANTED**. The allegations of

indirect and willful infringement are **DISMISSED WITHOUT PREJUDICE.**

2. The Plaintiff is denied leave to amend at this time.

*Richard G. Andrews*
United States District Judge