# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RACKSPACE HOSTING INC., RACKSPACE US, INC., and JUNGLE DISK, LLC, <br><br> Defendants. | C.A. No. 12-675-LPS |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS RACKSPACE HOSTING, INC., RACKSPACE U.S., INC., AND JUNGLE DISK, LLC'S MOTION TO DISMISS**

September 24, 2012

Of Counsel:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC*

## TABLE OF CONTENTS

Page

RELEVANT FACTS ............................................................................................................... 1

LEGAL STANDARD ............................................................................................................. 2

ANALYSIS .............................................................................................................................. 3

   A.   Clouding's Allegations Successfully State A Claim For Indirect Infringement .................. 3

   B.   Clouding's Allegations Successfully State A Claim For Willful Infringement ................ 7

CONCLUSION ...................................................................................................................... 13

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc.*,
  No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147 (E.D. Tex. 2009) ............................... 11, 12

*Apeldyn Corp. v. Sony Corp.*,
  No. 11-440-SLR, 2012 U.S. Dist. LEXIS 1129371 (D. Del. April 4, 2012) ......................... 4, 6

*AstraZeneca AB v. Apotex Corp.*,
  2010 U.S. Dist. LEXIS 58044 (S.D.N.Y. June 8, 2010) .......................................................... 11

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
  553 F. Supp. 2d 939 (N.D. Ill. 2008) ........................................................................................ 7

*Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*,
  2012 U.S. Dist. LEXIS 80292 (D. Minn. May 21, 2012) ........................................................ 11

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
  No. 11-1175-RGA (D. Del. July 18, 2012) ............................................................................... 6

*CSIRO v. Buffalo Technology*,
  492 F.Supp. 2d 600 (E.D. Tex. 2007) ....................................................................................... 9

*DataQuill Ltd, v. High Tech Computer Corp.*,
  No. 08-CV-543- IEG (BGS), 2011 U.S. Dist. LEXIS 138565 (S.D. Cal. December 1,
  2011) ............................................................................................................................. 9, 11, 12

*eBay v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ............................................................................................................. 8, 9

*Harrington v. State Farm Fire & Cas. Co.*,
  563 F.3d 141 (5th Cir. 2009) .................................................................................................... 2

*Hill v. Der*,
  521 F. Supp. 1370 (D. Del. 1981) ............................................................................................. 2

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ............................................................................... 7, 8, 10, 11

*Intellect Wireless Inc. v. Sharp Corp.*,
  2012 U.S. Dist. LEXIS 31669 (N.D. Ill. Mar. 9, 2012) ............................................................ 4

*Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
    759 F. Supp. 2d 387 (S.D.N.Y. 2010) ........................................................................... 10

*Kadant Johnson Inc. v. D'Amico*,
    2012 U.S. Dist. LEXIS 79648 (E.D. La. June 8, 2012) .................................................. 7

*Krippelz v. Ford Motor Co.*,
    675 F. Supp. 2d 881 (N.D. Ill. 2009) ........................................................................... 10

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ............................................................................... 5

*Molyneaux v. Glickman*,
    NO. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004) ........................ 2

*MONEC Holding AG, v. Motorola Mobility, Inc.*,
    No. 11-798-LPS-SRF, 2012 U.S. Dist. LEXIS 108993 (D. Del. August 3, 2012)
    (Stark, J.) ........................................................................................................................ 3

*Softview LLC, v. Apple Inc.*,
    No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) (Stark, J.) ... 4

*St. Clair Intellectual Prop. Consultants v. Apple*,
    No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280 (D. Del. 2011) .............................. 2

*St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., et al.*,
    No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922 (D. Del. 2009) (Stark, J.) .......... 10

*State Indus., Inc., v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ...................................................................................... 7

*Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*,
    No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196 (S.D.N.Y. June 25, 2012) ....... 9

*Walker Digital, LLC v. Facebook, Inc.*,
    No. 11-313-SLR, 2012 U.S. Dist. LEXIS 48080 (D. Del. April 4, 2012) ............. 4, 5, 6

*XPoint Techs. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) (Robinson, J.) ....................................................... 4

**STATUTES**

35 U.S.C. § 271(b) ................................................................................................................. 7

**OTHER AUTHORITIES**

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 598 ...................... 2

Plaintiff Clouding IP, LLC ("Clouding") files this Answering Brief in opposition to the Motion to Dismiss ("MTD") filed by Defendants Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC (collectively, "Rackspace"). (D.I. No. 16). This Court should deny Rackspace's Motion to Dismiss because Clouding has met the threshold requirements for asserting claims of induced infringement and willful patent infringement against Rackspace.

Rackspace contends that Clouding's allegations are insufficient because they fail to allege that Rackspace had pre-filing knowledge of the patents-at-issue. But where, as here, allegations are based exclusively on post-filing conduct, the filing of the original complaint gives defendants the requisite knowledge, and their deliberate decision to continuing infringing satisfies the intent prong for both induced infringement and willfulness. Rackspace's arguments to dismiss Clouding's induced infringement claims fail because they rely on case law that more recent decisions by this Court have expressly abrogated.

Likewise, Rackspace's arguments to dismiss Clouding's willful infringement claims fail because they rely on a bright line rule that does not exist. While Defendants' assert that willfulness claims cannot be based solely on post-filing conduct, the Federal Circuit has merely stated that such claims *generally* cannot be based on post-filing conduct because another remedy (namely injunctive relief) exists for post-filing infringement. This "general" approach does not expressly foreclose such claims and is inapplicable to Clouding which, as a non-practicing entity, cannot rely on injunctive relief as a remedy for Rackspace's ongoing infringement. Accordingly, Clouding asks this Court to reject Defendants' arguments and deny their Motion to Dismiss.

## RELEVANT FACTS

Clouding has alleged that Rackspace makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing and that at least some of these products

and/or services infringe on the patents-at-issue. Clouding has further alleged that Rackspace has had actual knowledge of the patents-at-issue since at least May 29, 2012, when Clouding filed its Original Complaint. (D.I. No. 1). In its Amended Complaint, Clouding has alleged that, despite this actual knowledge, Rackspace has continued to induce infringement of the patents-at-issue and that, after receiving the Original Complaint, Rackspace has willfully continued its infringement of the patents-at-issue.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim is viewed with disfavor and should be granted "only in the rarest of circumstances." *Hill v. Der*, 521 F. Supp. 1370, 1390 (D. Del. 1981) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 598); *see also Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."); *Molyneaux v. Glickman*, NO. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004) ("The Rule 12(b)(6) motion is viewed with disfavor and rarely granted."). "Thus, the Court may grant such a motion to dismiss only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *St. Clair Intellectual Prop. Consultants v. Apple*, No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280, at *3 (D. Del. 2011) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)). Accordingly, a court faced with such a motion should view the allegations liberally, "giving plaintiffs the benefit of all inferences which fairly can be drawn therefrom," and only grant the motion if "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Hill*, 521 F. Supp. at 1386 (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3rd Cir. 1977)).

ANALYSIS

A.   **Clouding's Allegations Successfully State A Claim For Indirect Infringement**

Rackspace claims that Clouding's First Amendment Complaint fails to state a claim for induced infringement "because it fails to demonstrate that Defendants had actual knowledge of the patents at issue before being served with the original complaint or had the requisite intent to induce infringement." (MTD at 4). Rackspace is wrong on both counts.

According to this Court, "a plaintiff may plead actual knowledge of the patents-in-suit as of the filing of the initial complaint to state a cause of action limited to the defendant's post-litigation conduct." *MONEC Holding AG, v. Motorola Mobility, Inc.*, No. 11-798-LPS-SRF, 2012 U.S. Dist. LEXIS 108993, at *22-23 (D. Del. August 3, 2012) (Stark, J.)  Likewise, "a defendant's decision to continue its conduct despite knowledge gleaned from the complaint is sufficient to establish the intent element required to state a claim for indirect infringement." *Id.* Based on that standard, Clouding's Amended Complaint adequately alleges that Rackspace has induced and continues to induce infringement of the patents-at-issue.  Clouding's Original Complaint identified several patents owned by Clouding and contained allegations that Rackspace was directly infringing on these patents. (D.I. No. 1, ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49). In its Amended Complaint, Clouding reiterates these claims, and further alleges that despite receiving actual knowledge of the patents-at-issue "since at least the filing of the original complaint in this action" on May 25, 2012, Rackspace continues to induce infringement of these patents.  (D.I. No. 13, ¶¶ 11, 14, 20, 23, 29, 32, 38, 45, 48, 54, 61, 68, 71, 77, 80).  These allegations state several plausible claims of induced infringement.

Rackspace moves to dismiss the induced infringement claims based primarily on a wrongly decided case that has been expressly abrogated.   Specifically, Rackspace relies on

-3-

*XPoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349  (D. Del. 2010) (Robinson, J.), for the proposition that "knowledge acquired after the filing of the lawsuit is insufficient for pleading the requisite knowledge for indirect infringement."  (MTD at 4.)  But the judge who decided *XPoint* has acknowledged that position is wrong.  Rackspace omits the two recent cases decided by Judge Robinson (who also decided *XPoint*) that set the District of Delaware's current precedent for pleading induced infringement based on post-filing conduct.

In both *Walker Digital, LLC v. Facebook, Inc.*,[1] and *Apeldyn Corp. v. Sony Corp.*,[2] Judge Robinson stated that indirect infringement is properly pled when a complaint identifies "the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint . . . ."  *Walker Digital,* 2012 U.S. Dist. LEXIS 48080, at *15; *Apeldyn*, 2012 U.S. Dist. LEXIS 1129371, at *4; *see also Softview LLC, v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *24 (D. Del. July 26, 2012) (Stark, J.) ("In the Court's view, an accused infringer is on notice of the patents(s)-in-suit once an initial pleading identifies the patents-in-suit . . . ."); *Intellect Wireless Inc. v. Sharp Corp.*, 2012 U.S. Dist. LEXIS 31669, at *34-35 (N.D. Ill. Mar. 9, 2012) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and  encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit.").

Without even acknowledging any of the subsequent authority, Rackspace persists in arguing as if *XPoint* were still good law.  It is not.  Judge Robinson expressly recognized that

---

[1] No. 11-313-SLR, 2012 U.S. Dist. LEXIS 48080, *13 (D. Del. April 4, 2012).
[2] No. 11-440-SLR, 2012 U.S. Dist. LEXIS 1129371, *4 (D. Del. April 4, 2012).

her decision in *Walker Digital* conflicted with her earlier decision in *XPoint*, but held that her later decision in *Walker Digital* was "better reasoned":

> The court acknowledges that this result is inconsistent with its prior decision[] in *XPoint*. . . . . Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, ***the court finds that the better reasoning is to allow a complaint . . . to proceed to discovery rather than dismissing it for lack of pre-filing knowledge*** when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by the plaintiff.

*Walker Digital,* 2012 U.S. Dist. LEXIS 48080, at *15-16, n. 11.  Simply put, Rackspace bases its motion on bad law.

None of the other cases that Rackspace cites support its position.  *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009), merely stands for the obvious proposition that knowledge obtained at the time a complaint is filed cannot be retroactive for purposes of inducement claims.  In that case, the Court properly rejected the plaintiffs' bootstrapping argument because the Complaint did not specifically allege that the defendants had knowledge of the patent "at the time they were committing the allegedly infringing activities."  *Id.*  Rackspace's citation to a California case, *Proxyconn, Inc. v. Microsoft Corp.*, fails for the same reason:  "Plaintiff's argument requires this Court to bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto Defendants' acts *before* Plaintiff filed its complaint."  No. SACV 11-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (emphasis original).  This is not a problem in this case because Clouding has limited its claims of induced infringement to Rackspace's conduct *after* Clouding filed the original complaint and *after* Rackspace unquestionably obtained knowledge of the patent.

Finally, the Court dismissed the claims in *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA (D. Del. July 18, 2012) (Andrews, J.) (attached as Exhibit A to Defs.' MTD) for lack of any "factual accompaniment that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use," not because of any legal precept that post-suit knowledge is inadequate to support such allegations. *Chalumeau*, at *2. To the contrary, Judge Andrews specifically states that "[s]ervice of the original complaint gives the defendants actual notice of the patent's existence . . . [and] might also make plausible the claim that the defendant has the knowledge that the third parties who are selling its products are directly infringing . . . ." *Id*.

The claims of induced infringement that Clouding has plead in this case are similar to the claims that this Court sustained over motions to dismiss in *Apeldyn* and *Walker Digital*. In *Apeldyn*, this Court denied a motion to dismiss where the plaintiff asserted that the defendant knew of the patent "and, armed with that knowledge, has continued to indirectly infringe by making and/or selling infringing LCD products in the United States . . . and works directly with American customers to develop infringing LCD televisions . . . ." 2012 U.S. Dist. LEXIS 1129371, at *4. Likewise, in *Walker Digital*, the Court denied a motion to dismiss where plaintiff's amended complaint contained allegations that defendant continued to indirectly infringe on plaintiff's patents despite having knowledge of these patents. 2012 U.S. Dist. LEXIS 48080, at *17-18. The Court concluded that Walker Digital's amended complaint contained claims that were "facially plausible" and that provided defendant "with adequate notice of its indirect infringement claims." *Id*. at *18. Likewise, Clouding has properly alleged that Rackspace had actual knowledge of the patents-at-issue and that Rackspace had knowledge of its own infringing conduct under 35 U.S.C. § 271(b), but chose to continue its conduct.

Accordingly, the same reasoning applies in this case and this Court should deny Rackspace's Motion to Dismiss Clouding's induced infringement claims.

### B. Clouding's Allegations Successfully State A Claim For Willful Infringement

This Court should deny Rackspace's Motion to Dismiss Clouding's claims for willful infringement because Clouding has properly alleged that Rackspace continues to infringe on Clouding's patents despite being aware that these patents exist and that there is an objectively high likelihood that its actions infringed and continue to infringe on Clouding's patents. *See State Indus., Inc., v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.").

Rackspace moves to dismiss based on a bright-line rule that does not actually exist. (MTD at 5-6). While Rackspace argues that willful infringement can never be based on post-filing conduct, that is not the Federal Circuit's holding. *See Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 553 F. Supp. 2d 939, 955 (N.D. Ill. 2008) ("The Federal Circuit in Seagate did not foreclose all consideration of post-litigation conduct in the willful infringement analysis."); *Kadant Johnson Inc. v. D'Amico*, 2012 U.S. Dist. LEXIS 79648, 4-6 (E.D. La. June 8, 2012) ("[T]here is no per se bar to damages for willful infringement based on post-filing conduct if no injunction is filed."). Instead, the Federal Circuit recognized that grounds for willfulness can arise after a lawsuit is filed, *Seagate*, 497 F.3d at 1374 ("patent infringement is an ongoing offense that can continue after litigation has commenced"), but held that a preliminary injunction "*generally* provides an adequate remedy for combating post-filing willful

-7-

infringement." *Id*. (emphasis added). Under the Federal Circuit's reasoning, a request for preliminary injunctive relief is dispositive of willfulness in most cases because either (1) entry of a preliminary injunction will prevent willful infringement from occurring, (2) a plaintiff's failure to seek a preliminary injunction bars it from complaining that the defendant continued to infringe, *id*. ("[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct"), or (3) the court's denial of a preliminary injunction request shows that the merits of the infringement claims are not sufficiently strong to support a claim of willfulness. *Id*. ("[I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.").

But the Federal Circuit's reasoning that willful infringement is rendered unnecessary by a preliminary injunction falls by the wayside where, as here, temporary injunctive relief is not realistically available for reasons unrelated to the merits of the case. If a plaintiff cannot seek a preliminary injunction, such an injunction cannot "generally provide an adequate remedy for combating post-filing willful infringement," and the claim of willful infringement remains the plaintiff's only available remedy. This is of special relevance in this case because, since the Supreme Court's landmark ruling in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), patent holders who are non-practicing entities (NPEs) are frequently faced with extraordinary, post-litigation willful infringement that cannot be remedied through injunctive relief.

Post-*eBay*, it has become generally accepted that NPEs cannot secure injunctive relief to stop post-litigation willful infringement.[3] *See, e.g., DataQuill Ltd, v. High Tech Computer*

---

[3] Since *eBay*, research organizations have been the only NPEs able to demonstrate irreparable harm (and thus obtain a preliminary injunction to stop willful infringement). *See e.g., CSIRO v.*

*Corp.*, No. 08-CV-543- IEG (BGS), 2011 U.S. Dist. LEXIS 138565, at *41 (S.D. Cal. December 1, 2011) ("DataQuill would not have been able to obtain a preliminary injunction because it does not practice the patents-in-suit and it does not compete with HTC."); *Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*, No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196, 33-34 (S.D.N.Y. June 25, 2012) ("The pursuit of preliminary, injunction may fail for reasons other than its lack of merit on the underlying claim. Even a strong claim for injunctive relief will ordinarily fail when an inventor, who does not practice the invention and does not compete with the infringer, sues for injunction.").[4]

Accordingly, "[s]everal district courts have recognized that a patentee who neither practices its invention nor directly competes with the accused infringer is excused from *Seagate's* rule that a patentee must seek an injunction to sustain a claim for post-filing willful infringement." *DataQuill*, 2011 U.S. Dist. LEXIS 138565, at *39. As one court explained:

> [The plaintiff] could not have gotten an injunction in this case, and, while only the Court knows that for a certainty, [the plaintiff] could reasonably and wisely conclude that he would not win; that it would be a waste of time and resources, his own and the Court's, to make the effort. In other words, under *eBay*, [the plaintiff] likely could not have obtained preliminary injunctive relief because the balance of hardships favored [the defendant]. *Seagate* does not require that [the plaintiff] file a motion he did not stand a reasonable chance of winning in order to perfect a claim for willful infringement.

---

*Buffalo Technology*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007) (citing loss of research funding and recruitment of "best scientific minds" as sufficient irreparable harm for injunction).

[4] Accordingly, courts have noted that counsel may choose not to seek a preliminary injunction in light of his ethical obligations under Rule 11 of the Federal Rules of Civil Procedure. *See e.g.*, *DataQuill*, 2011 LEXIS 138565, at *41 (quoting *Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc.*, No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147, *11 (E.D. Tex. 2009)).

*Krippelz v. Ford Motor Co.*, 675 F. Supp. 2d 881, 898 (N.D. Ill. 2009); *see also St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., et al.*, No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922, at *4 (D. Del. 2009) ("Further, there is no per se requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim.") (Stark, J.). This approach reflects the reality of the post-*eBay* landscape for NPEs: Absent the availability of injunctive relief, NPEs faced with ongoing, post-filing, willful infringement fall outside of Seagate's "ordinary circumstances" and thus require enhanced damages as their only remedy for ongoing willful infringement. *See Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 (S.D.N.Y. 2010) (citing "a patentee's neither practicing its invention nor directly competing with the accused infringer (rendering its failure to seek a preliminary injunction reasonable)" as among the "limited circumstances under which a patentee may sustain a claim of post-filing willful infringement despite the patentee's failure to first seek a preliminary injunction"). Indeed, if a permanent injunction is no longer a credible threat, accused infringers have little to no incentive to settle with a non-practicing patent owner because at the end litigation, the infringer will be no worse off than at the outset—regardless of whether it wins or loses.

Courts have also recognized that the "post-filing conduct" that the Federal Circuit disfavored as a basis for willful infringement in *Seagate* does not necessarily refer to conduct after the filing of an original complaint if willful infringement is alleged for the first time in an amended complaint. *See Seagate*, 497 F.3d at 1374 ("a willfulness claim asserted in the *original* complaint must necessarily be grounded in the accused infringer's pre-filing conduct") (emphasis added). Instead, the better reading of *Seagate* is that a willful infringement claim must be based on conduct occurring prior to the filing of the claim for willful infringement, not

the filing of an original complaint alleging only ordinary infringement. As one court explained in a case in which, like here, the willfulness claim was alleged in the amended complaint:

> [T]he "filing" to which *Seagate* refers when it says that a preliminary injunction must be filed to stop an infringer's "post-filing" conduct is not the original complaint but rather the Second Amended complaint; it is only in the latter pleading that [the plaintiff] alleges willful infringement . . . Understood this way, the Court agrees with [the plaintiff] that its willfulness claim is not based solely on [the defendant's] "post-filing" conduct.

*AstraZeneca AB v. Apotex Corp.*, 2010 U.S. Dist. LEXIS 58044, 14-16 (S.D.N.Y. June 8, 2010); *see also Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 2012 U.S. Dist. LEXIS 80292, 59-60 (D. Minn. May 21, 2012) ("It is the infringer's conduct before a willful infringement claim is filed that supports a prelitigation willful infringement claim, not just the conduct before the filing of a general infringement claim. . . . [The plaintiff] filed its willful infringement claim on May 10, 2010. Therefore, there are five months of pre-filing conduct on which to base its willfulness claim.").

For these reasons, many courts have recognized willful infringement claims based on conduct occurring after the filing of an original complaint. For example, in both *DataQuill* and *Affinity Labs*, defendants argued that claims for willful infringement were barred as a matter of law because the plaintiffs were only seeking damages for post-filing conduct and had not sought preliminary injunctions. *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *7. In both cases, the courts rejected the position that prevailing on a request for a preliminary injunction is a prerequisite for asserting a willfulness claim based solely on post-filing conduct, *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *8. Accordingly, in both cases, the courts refused to foreclose the plaintiffs'

claims. *DataQuill*, 2011 LEXIS 138565, at *51 (denying defendant's motion for summary judgment on willful infringement claim); *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *12-13 (denying motion to dismiss for failure to state a claim after finding that the complaint states a claim to relief that is plausible on its face).

While Rackspace asserts that Clouding has failed to plead facts to support its claim of willful infringement, Rackspace's actual assertion is that Clouding is barred from raising such claims if they are based solely on conduct that occurred after the filing of the original complaint. But, because there is no bar from relying solely upon such conduct to support a claim of willfulness, this Court should reject Rackspace's argument, and deny its Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Rackspace's Motion to Dismiss should be denied.

| | |
|---|---|
| September 24, 2012 | BAYARD, P.A. |
| Of Counsel: | /s/ Stephen B. Brauerman<br>Richard D. Kirk (rk0922) |
| SNR DENTON US LLP | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398) |
| Mark L. Hogge<br>Shailendra K. Maheshwari<br>1301 K Street, NW, Suite 600, East Tower<br>Washington, DC  20005-3364<br>(202) 408-6400<br>mark.hogge@snrdenton.com<br>shailendra.maheshwari@snrdenton.com | 222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com |
| | *Attorneys for Plaintiff Clouding IP, LLC* |