## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 12-675 (LPS) |
| | § | |
| RACKSPACE HOSTING, INC., | § | **JURY TRIAL DEMANDED** |
| RACKSPACE US, INC., and JUNGLE | § | |
| DISK, LLC | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT

*Pro Hac Vice:*

R. LAURENCE MACON
TX State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
TX State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
TX State Bar No. 04920100
mcowart@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANTS
RACKSPACE HOSTING, INC.,
RACKSPACE US, INC., and JUNGLE DISK, LLC**

Dated: October 4, 2012

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT.......................................................................................................................1

    A.    Clouding's First Amended Complaint fails to state a claim for induced infringement. .................................................................................................1

        1.    Clouding's allegation of knowledge based solely on the filing of this lawsuit is insufficient to sustain its induced infringement claims. ...............................................................................................................1

        2.    Clouding fails to allege sufficient facts to support its induced infringement claim. ................................................................................................3

    B.    Clouding's First Amended Complaint fails to state a claim for willful infringement. .................................................................................................4

        1.    Clouding's allegation of knowledge based solely on the filing of this lawsuit is insufficient to sustain its willful infringement claims...........4

        2.    Clouding's failure to seek injunctive relief bars it from asserting its post-filing willful infringement claims. ......................................................5

III.    CONCLUSION..................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
   239 F.3d 1343 (Fed. Cir. 2001) ................................................................................................5

*Apeldyn Corp. v. Sony Corp.*,
   852 F. Supp. 2d 568(D. Del. Apr. 4, 2012) ......................................................................1, 2, 3

*Aschroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ..............................................................................................................3

*In re Seagate Tech., LLC*,
   497 F.3d 1360, 1374 (Fed. Cir. 2007) ...................................................................................5, 6

*IPVenture, Inc. v. Cellco P'ship*,
   No. C. 10-04755-JSW, 2001 WL 207978 (N.D. Cal. Jan. 21, 2011) .......................................4

*LML Holdings, Inc. v. Pacific Coast Distributing Inc.*,
   No. 11-CV-06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012) ..............................4, 6

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................................2

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC, 2012 WL 1835680, *7 (C.D. Cal. May 16, 2012). ........................2

*Rovi Corp. v. Hulu, LLC*,
   No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) ............................................................3

*Softview LLC v. Apple Inc.*,
   Civ. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) (Stark, J.) .........................4

*Solannex Inc. v. MisaSole*,
   No. C 11-00171 PSG, 2011 WL 4021558 (N.D. Cal. Sept. 9, 2011) .......................................4

*TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*,
   No. 00-432, 2002 WL 484838 (D. Del. Mar. 7, 2002) .............................................................3

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012) ..................................................................................1, 2, 3

*WebMap Techs., LLC v. Google, Inc.*,
   No. 2:09-CV-343-DF-CE, 2010 WL 3768097, *4 (E.D. Tex. Sept. 10, 2010) .....................4, 6

*Xpoint Tech. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................... 2

**STATUTES**

35 U.S.C. § 283 ................................................................................................................................ 5

I.  **INTRODUCTION**

Not every plaintiff is entitled to plead induced and willful infringement. Both claims require allegations of pre-suit knowledge of the patents at issue and specific intent to infringe or objective recklessness. Here, Plaintiff Clouding IP, LLC ("Clouding") fails to make these allegations. As a consequence, its induced and willful infringement claims must be dismissed.

II.  **ARGUMENT**

   A.  **Clouding's First Amended Complaint fails to state a claim for induced infringement.**

Clouding's First Amended Complaint fails to state a claim for induced infringement because it fails to allege facts demonstrating that Defendants Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk LLC (collectively, "Defendants") had pre-suit knowledge of the patents at issue or specific intent to induce infringement. Without such facts, Clouding's induced infringement claims must be dismissed.

   1.  **Clouding's allegation of knowledge based solely on the filing of this lawsuit is insufficient to sustain its induced infringement claims.**

Because Defendants lacked pre-suit knowledge of the patents at issue, Clouding's induced infringement claims are unsupportable. But Clouding, relying on *Walker Digital* and *Apeldyn,* contends that an allegation based solely on the filing of the original complaint is sufficient.[1] However, the reasoning in those cases has already been called into question by at

---

[1] *See* Plaintiff's Answering Brief in Opposition to Defendant Rackspace Hosting, Inc., Rackspace U.S., Inc., and Jungle Disk, LLC's Motion to Dismiss ("Plaintiff's Response Brief") at pp. 3-7. (citing *Walker Digital, LLC v. Facebook, Inc.,* 852 F. Supp. 2d 559 (D. Del. 2012) and *Apeldyn Corp. v. Sony Corp.,* 852 F. Supp. 2d 568(D. Del. Apr. 4, 2012)).

Interestingly, Clouding heavily relies on both *Walker Digital* and *Apeldyn* to support its induced infringement argument, but noticeably fails to acknowledge that both cases actually contradict its willful infringement position.

least one district court in the country and thus, should not be followed.[2]

In *Proxyconn Inc. v. Microsoft Corp.,* the District Court for the Central District of California dismissed plaintiff's induced infringement claims for failure to allege pre-suit knowledge of the asserted patent.[3] The court expressly considered and rejected the reasoning in *Walker Digital* and *Apeldyn*:

> [T]he Court is not persuaded that, as some courts urge, "the interests of judicial economy" favor denying a motion to dismiss because "by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge." *See Walker Digital, LLC v. Facebook, Inc.,* CIV. 11-313-SLR, 2012 WL 1129370, *6 n.11 (D. Del. Apr. 4, 2012). Such a view gives too little weight to the judicial inefficiencies and parties' expenses in litigating potentially meritless claims.[4]

Instead, the court agreed with the reasoning in *Xpoint Technologies,*[5] holding that "a complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself . . . establish[es] the defendant's knowledge of the patent."[6]

Based on the reasoning in *Xpoint Technologies, Mallinckrodt,*[7] and *Proxyconn,* the Court should dismiss all induced infringement claims because Clouding failed to plead a plausible

---

[2] Moreover, both cases are distinguishable on the facts. Neither *Walker Digital* nor *Apeldyn* concerned a motion to dismiss a complaint for lack of *pre-suit* knowledge. In *Walker Digital,* it was undisputed that the defendants had pre-suit knowledge of the patents in suit because the parties' representatives had previously met to discuss infringement of the patented subject matter. 852 F. Supp. 2d at 568. Similarly, in *Apeldyn,* the alleged infringer was aware of the patent at issue due to its involvement in earlier litigation involving that patent. 852 F. Supp. 2d. at 573. Accordingly, the observations in *Walker Digital* and *Apeldyn* that Clouding now relies upon are dicta and inapplicable to the facts of our case.

[3] No. SACV 11-1681 DOC, 2012 WL 1835680, *7 (C.D. Cal. May 16, 2012).

[4] *Id*.

[5] *Xpoint Tech. v. Microsoft Corp.,* 730 F. Supp. 2d 349 (D. Del. 2010).

[6] *Id.*

[7] *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349 (D. Del. 2009).

2

allegation of pre-suit knowledge.[8]

### 2. Clouding fails to allege sufficient facts to support its induced infringement claim.

Assuming *arguendo* that Clouding can base its induced infringement claims solely on post-suit knowledge, it has not pled sufficient facts to support a plausible claim that Defendants specifically intended others to infringe—before or after the filing of the lawsuit. Instead, Clouding simply states, "Rackspace further intends that its customer [sic] use such products and/or services in a manner that infringes the claims" of the patents at issue.[9] Aside from these boilerplate allegations, Clouding's amended complaint lacks any other statements regarding Defendants' "intent" to induce infringement. This obvious deficiency supports dismissal of Clouding's induced infringement claims. *See Aschroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (holding that "naked assertions devoid of further factual enhancement" do not plausibly state a claim); *Rovi Corp. v. Hulu, LLC,* No. 11-665, 2012 WL 261982, *2 (D. Del. Jan. 27, 2012) (dismissing induced infringement claims where plaintiff pled "no facts . . . that would warrant a conclusion that the infringement was done . . . intentionally"); *TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.,* No. 00-432, 2002 WL 484838, *2 (D. Del. Mar. 7, 2002) (dismissing inducement claim based on plaintiff's "fail[ure] to adequately set forth facts to meet the intent element.")

---

[8] Even if the Court determines that post-suit conduct is sufficient to state claims for indirect infringement, those claims must be limited to the post-suit time period. *See Walker Digital,* 852 F. Supp. 2d at 565 ("[Plaintiff] would be prohibited from collecting damages related to indirect infringement for any pre-knowledge (e.g., pre-filing) conduct . . . ."); *Apeldyn,* 852 F. Supp. 2d at 573 (same).

[9] First Amended Complaint for Patent Infringement (D.I. 13) at ¶¶ 14, 23, 32, 48, 71, and 80.

**B.     Clouding's First Amended Complaint fails to state a claim for willful infringement.**

Clouding fails to state a claim for willful infringement because it fails to allege facts demonstrating that Defendants had pre-suit knowledge of the patents at issue.  Moreover, Clouding's failure to seek injunctive relief likewise renders its willful infringement claims moot. Thus, Clouding's willful infringement claims must be dismissed.

**1.     Clouding's allegation of knowledge based solely on the filing of this lawsuit is insufficient to sustain its willful infringement claims.**

Willful infringement, like induced infringement, requires pre-suit knowledge of the patents at issue.  *Softview LLC v. Apple Inc.,* Civ. No. 10-389-LPS, 2012 WL 3061027, *8 (D. Del. July 26, 2012) (Stark, J.) (holding "willful infringement allegations based only on post-filing conduct are inadequate.")  That is, post-suit knowledge alone simply will not support a willful infringement claim.  *See Id.*; *Solannex Inc. v. MisaSole,* No. C 11-00171 PSG, 2011 WL 4021558, *3 (N.D. Cal. Sept. 9, 2011) (dismissing a willful infringement claim because of the failure to allege pre-suit knowledge of the issued patent); *IPVenture, Inc. v. Cellco P'ship,* No. C. 10-04755-JSW, 2001 WL 207978, *2 (N.D. Cal. Jan. 21, 2011) (dismissing willful infringement claim because of failure to allege facts supporting pre-suit knowledge of the patents); *WebMap Techs., LLC v. Google, Inc.,* No. 2:09-CV-343-DF-CE, 2010 WL 3768097, *4 (E.D. Tex. Sept. 10, 2010) (dismissing willful infringement claim because it was based solely on post-filing conduct); *LML Holdings, Inc. v. Pacific Coast Distributing Inc.,* No. 11-CV-06173 YGR, 2012 WL 1965878, *6 (N.D. Cal. May 30, 2012) (rejecting plaintiff's argument that since it amended its complaint subsequent to serving the original complaint, Defendants were on notice that they were infringing, and because they continued to infringe, the infringement was willful). Accordingly, Clouding's willfull infringement claims must be dismissed.

### 2. Clouding's failure to seek injunctive relief bars it from asserting its post-filing willful infringement claims.

Assuming *arugendo* that allegations of post-suit knowledge are sufficient to assert willful infringement claims against Defendant, those claims must still be dismissed since Clouding has failed to seek a preliminary injunction. In *Seagate,* the Federal Circuit stated that

> . . . when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *See* 35 U.S.C. § 283; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed.Cir.2001). **A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.** Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.[10]

Therefore, unless Clouding is prepared to seek a preliminary injunction, it should not be allowed to request enhanced damages. *Id.*

Despite the Federal Circuit's controlling decision, Clouding now argues that this Court should depart from *Seagate's* general rule regarding injunctive relief because Clouding is a non-practicing entity ("NPE"). In particular, Clouding wants this Court to make it a requirement that every defendant accused of infringement *by an NPE* stop its business activities immediately upon the filing of a complaint or face a post-filing willful infringement claim. Clouding cites no legal authority for this position, and there is nothing in *Seagate* to suggest that NPEs should enjoy more favorable treatment than practicing patentees when seeking relief for willful infringement. In other words, NPEs should not be permitted to enjoy the same potential benefits a practicing patentee receives from alleging willful infringement—enhanced damages—without being held to the same pleading standards or being required to expend the same resources in

---

[10] *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007).

seeking an injunction. Post-filing willfulness claims should not become commonplace in all patent cases involving NPEs.[11]

Moreover, Clouding's position prejudices Defendants by stripping them of *Seagate's* enumerated benefits simply because Clouding is an NPE. As explained in *WebMap Techs.,*

> Although there are situations where post-filing willful infringement can be alleged without the plaintiff first seeking a preliminary injunction, the procedure for seeking a preliminary injunction tests the reasonableness of a defendant's non-infringement and invalidity theories at a time that the defendant is relying upon those theories. *Seagate* states that the standard for determining whether a patentee is entitled to a preliminary injunction is similar to the standard for determining whether post-filing infringement is willful. 497 F.3d at 1374 ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct."). Because only the plaintiff can invoke this test at the time the alleged infringement is taking place, a plaintiff's failure to seek a preliminary injunction forces a defendant to choose between resting on theories of invalidity and non-infringement it believes to be objectively reasonable and engaging in costly and potentially unnecessary redesign of its accused products.[12]

Defendants should not be deprived of their right to test their infringement and invalidity theories at this stage in the litigation merely because Clouding has the subjective, self-serving belief that it could not successfully obtain a preliminary injunction because it is an NPE. Instead, *Seagate's* protections should be afforded to all defendants, not just those sued by practicing patentees—particularly given Defendants did not choose to be sued by an NPE.

---

[11] While there are some extenuating circumstances where a patentee can assert willful infringement based exclusively on post-filing conduct without first seeking a preliminary injunction—such as a patent surviving a post- litigation-filing reexamination unchanged—Clouding has not alleged any circumstances justifying a departure from the general rule. *See WebMap Techs.,* 2010 WL 3768097 at *3-4; *LML Holdings, Inc.,* 2012 WL 1965878 at *5.

[12] 2010 WL 3768097 at *4.

In sum, Clouding's request for special treatment for NPEs disregards Federal Circuit precedent and unduly prejudices Defendants. Accordingly, the Court should not be compelled to entertain Clouding's position.

## III. CONCLUSION

Because Clouding fails to allege pre-filing knowledge of the patents at issue or any facts supporting intent, and has failed to seek injunctive relief, Clouding fails to meet the threshold requirements for asserting either induced or willful infringement. Therefore, Defendant respectfully requests that the Court dismiss Clouding's induced and willful infringement claims against Defendant.

Dated: October 4, 2012

– and –

*Pro Hac Vice:*

R. LAURENCE MACON
TX State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
TX State Bar No. 00788147
koneill@akingump.com
MELANIE G. COWART
TX State Bar No. 04920100
mcowart@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

**ATTORNEYS FOR DEFENDANTS
RACKSPACE HOSTING, INC.,
RACKSPACE US, INC., and JUNGLE
DISK, LLC**

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
**Morris James LLP**
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com