**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CLOUDING IP, LLC,

      Plaintiff,

      v.

RACKSPACE HOSTING, INC.,
RACKSPACE US, INC., AND JUNGLE
DISK, LLC,

      Defendants.

C.A. No. 12-675-LPS

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC makes the following allegations against Defendants Rackspace Hosting, Inc., Rackspace US, Inc. and Jungle Disk, LLC (collectively, "Rackspace"):

## PARTIES

1.      Plaintiff Clouding IP, LLC ("Clouding") is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.      Defendant Rackspace Hosting, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at 5000 Walzem Road, San Antonio, Texas 78218.  Defendant Rackspace Hosting, Inc. can be served through its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901.

3.      On information and belief, Defendant Rackspace US, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at 5000 Walzem Road, San Antonio, Texas 78218.  On information and belief, Defendant Rackspace US, Inc. is wholly owned and controlled by Defendant Rackspace Hosting, Inc.  On information and belief, Defendant Rackspace US, Inc. can be served through its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901.

4.      On information and belief, Defendant Jungle Disk, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 1110 Satellite Blvd. NW #404, Suwanee, Georgia 30024.  On information and belief, Defendant Jungle Disk, LLC is a wholly owned subsidiary of Defendant Rackspace US, Inc.  On information and belief, Defendant Jungle Disk, LLC can be served through its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Rackspace is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and due to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

2

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

Rackspace is incorporated in this district, and on information and belief, has transacted business

in this district and has committed and/or induced acts of patent infringement in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,596,784**

8.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-7 above,

as if fully set forth herein.

9.      Plaintiff Clouding is the owner by assignment of United States Patent

No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-

Use Distributed Computing Resources."  The '784 patent was duly and legally issued by the

United States Patent and Trademark Office on September 29, 2009.  Clouding is the owner by

assignment from Symantec Corporation of the '784 patent.  A true and correct copy of the '784

patent is included as Exhibit A.

10.     Rackspace makes, uses, sells, and offers for sale in the United States products

and/or services for cloud computing.  On information and belief, at least some of Rackspace's

cloud computing products and/or services provide or support pay-per-use cloud computing.

11.     On information and belief, Rackspace has directly infringed and continues to

infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling

pay-per-use cloud computing products and/or services patented under the '784 patent.  Such pay-

per-use cloud computing products and/or services include, by way of example and without

limitation, use of Rackspace's Next Generation Cloud Platform, which is covered by one or more

claims of the '784 patent, including but not limited to claim 1.  By making, using, offering for

sale, and/or selling pay-per-use cloud computing products and/or services patented under the

3

'784 patent, Rackspace has injured Clouding and is liable to Clouding for direct infringement of the '784 patent pursuant to 35 U.S.C. § 271(a).

12.     Rackspace has had actual knowledge of the '784 patent since at least the filing of the original complaint in this action.

13.     On information and belief, Rackspace has and continues to indirectly infringe one or more claims of the '784 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

14.     On information and belief, Rackspace has induced others and continues to induce others, including but not limited to Rackspace's customers and end-users, to infringe the '784 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '784 patent.  Such products and/or services include, by way of example and without limitation, Rackspace's Next Generation Cloud Platform, the use of which is covered by one or more claims of the '784 patent, including but not limited to claim 19. Rackspace's customers and end-users who use such products and/or services directly infringe the claims of the '784 patent.  Since at least the filing of the original complaint in this action, Rackspace has had actual knowledge of the '784 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '784 patent.  Despite Rackspace's actual knowledge of the '784 patent and the knowledge that its customers and end-users infringed, Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using

Rackspace's pay-per-use cloud computing products and/or services that are covered by one or more claims of the '784 patent.

15.     In particular, Rackspace's customers' and end-users' use of Rackspace's pay-per-use cloud computing products and services is facilitated by the use of pay-per-use systems and methods patented under the '784 patent.  Thus, Rackspace's customers and end-users are billed or charged on a pay-per-use basis when using such pay-per-use cloud computing products and services.

16.     On information and belief, in order to generate profits and revenues, Rackspace markets and promotes, e.g., through its website and sales personnel, the use of its pay-per-use products and services that infringe the '784 patent when used as intended by Rackspace's customers and end-users.  Rackspace further sells (or licenses the use of) such products and/services to customers and end-users.  Rackspace's customers and end-users use such products and services (including, e.g., Rackspace's software and hardware).  Rackspace further instructs its customers and end-users how to use such products and services in a manner that infringes the '784 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Rackspace further instructs its customers and end-user to infringe the '784 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Rackspace still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '784 patent.

17.     On information and belief, even though Rackspace has been aware of the '784 patent and that its customers and end-users infringe the '784 patent for over a year, to date

Rackspace has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '784 patent, nor has Rackspace informed its customers or end-users how to avoid infringing the '784 patent.  To date, Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '784 patent.  On information and belief, Rackspace itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '784 patent.  To date, Rackspace has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '784 patent in response to Clouding's requests for production of documents and things.  Nor has Rackspace to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '784 patent in response to Clouding's interrogatories.

18.     As such, on information and belief, despite the information Rackspace gleaned from the original complaint in this action, Rackspace continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '784 patent.  In addition, since at least the filing of the original complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming

that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '784 patent.

19.     Rackspace's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '784 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '784 patent and that the '784 patent is valid.  Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '784 patent.  Instead, Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '784 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '784 patent in disregard of Clouding's rights.

20.     As a result of Rackspace's infringement of the '784 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

## COUNT II
## <u>INFRINGEMENT OF U.S. PATENT NO. 7,065,637</u>

21.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-20 above, as if fully set forth herein.

22.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit B.

23.     Rackspace makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Rackspace's cloud computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

24.     On information and belief, Rackspace has directly infringed and continues to infringe the '637 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '637 patent.  Such cloud computing products and/or services include, by way of example and without limitation, cloud computing products and/or services configurable through Rackspace Cloud Servers, which are covered by one or more claims of the '637 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, Rackspace has injured Clouding and is liable to Clouding for direct infringement of the '637 patent pursuant to 35 U.S.C. § 271(a).

25.     Rackspace has had actual knowledge of the '637 patent since at least the filing of the original complaint in this action.

26.     On information and belief, Rackspace has and continues to indirectly infringe one or more claims of the '637 patent by inducing others (e.g., its customers and end-users) to

8

directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

27.     On information and belief, Rackspace has induced others and continues to induce others, including but not limited to Rackspace's customers and end-users, to infringe the '637 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '637 patent.  Such products and/or services include, by way of example and without limitation, Rackspace Cloud Servers including Cloud Control Panel, the use of which is covered by one or more claims of the '637 patent, including but not limited to claim 1.  Rackspace's customers and end-users who use such products and/or services directly infringe the claims of the '637 patent.  Since at least the filing of the original complaint in this action, Rackspace has had actual knowledge of the '637 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '637 patent.  Despite Rackspace's actual knowledge of the '637 patent and the knowledge that its customers and end-users infringed, Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Rackspace's visual interface tools to configure cloud computing products and services that are covered by one or more claims of the '637 patent.

28.     On information and belief, in order to generate profits and revenues, Rackspace markets and promotes, e.g., through its website and sales personnel, the use of its visual construction tools to configure its cloud computing products and services that infringe the '637 patent when used as intended by Rackspace's customers and end-users.  Rackspace further sells

(or licenses the use of) such products and/services to customers and end-users. Rackspace's customers and end-users use such products and services (including, e.g., Rackspace's software and hardware). Rackspace further instructs its customers and end-users how to use such products and services in a manner that infringes the '637 patent (e.g., through technical documentation, manuals, instructions, and technical support). Rackspace further instructs its customers and end-user to infringe the '637 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Rackspace still further makes such visual construction tools accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such visual construction tools, including supporting hardware and software systems, to infringe the '637 patent.

29.    On information and belief, even though Rackspace has been aware of the '637 patent and that its customers and end-users infringe the '637 patent for over a year, to date Rackspace has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '637 patent, nor has Rackspace informed its customers or end-users how to avoid infringing the '637 patent. To date, Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '637 patent. On information and belief, Rackspace itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '637 patent. To date, Rackspace has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or

investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '637 patent in response to Clouding's requests for production of documents and things. Nor has Rackspace to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '637 patent in response to Clouding's interrogatories.

30.     As such, on information and belief, despite the information Rackspace gleaned from the original complaint in this action, Rackspace <u>continues to specifically intend for and encourage</u> its customers and end-users to use its products and/or services in a manner that infringe the claims of the '637 patent. In addition, since at least the filing of the original complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '637 patent.

31.     Rackspace's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '637 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '637 patent and that the '637 patent is valid. Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of such products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '637 patent. Instead,

Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell such products and/or services patented under the '637 patent. As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '637 patent in disregard of Clouding's rights.

32.     As a result of Rackspace's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,738,799**

33.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-32 above, as if fully set forth herein.

34.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List." The '799 patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2004. Clouding is the owner by assignment from Symantec Corporation of the '799 patent. A true and correct copy of the '799 patent is included as Exhibit C.

35.     Rackspace makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide or support synchronization of files. On information and belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

36.     On information and belief, Rackspace has directly infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or

importing products and/or services into the United States that are covered by one or more claims of the '799 patent. Such products and/or services include, by way of example and without limitation, Rackspace Cloud Drive including Jungle Disk, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37. By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more claims of the '799 patent, Rackspace has injured Clouding and is liable to Clouding for infringement of the '799 patent pursuant to 35 U.S.C. § 271(a).

37.     Rackspace has had actual knowledge of the '799 patent since at least the filing of the original complaint in this action.

38.     On information and belief, Rackspace has and continues to indirectly infringe one or more claims of the '799 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

39.     On information and belief, Rackspace has induced others and continues to induce others, including but not limited to Rackspace's customers and end-users, to infringe the '799 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '799 patent. Such products and/or services include, by way of example and without limitation, Rackspace Cloud Drive including Jungle Disk, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 42. Rackspace's customers and end-users who use such products and/or services directly infringe the claims of the '799 patent. Since at least the filing of the original complaint in this action,

13

Rackspace has had actual knowledge of the '799 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '799 patent. Despite Rackspace's actual knowledge of the '799 patent and the knowledge that its customers and end-users infringed, Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Rackspace's file-synchronization products and services that are covered by one or more claims of the '799 patent.

40.    On information and belief, in order to generate profits and revenues, Rackspace markets and promotes, e.g., through its website and sales personnel, the use of its file-synchronization products and services that infringe the '799 patent when used as intended by Rackspace's customers and end-users. Rackspace further sells (or licenses the use of) such products and/services to customers and end-users. Rackspace's customers and end-users use such products and services (including, e.g., Rackspace's software and hardware). Rackspace further instructs its customers and end-users how to use such products and services in a manner that infringes the '799 patent (e.g., through technical documentation, manuals, instructions, and technical support). Rackspace further instructs its customers and end-user to infringe the '799 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

41.    On information and belief, even though Rackspace has been aware of the '799 patent and that its customers and end-users infringe the '799 patent for over a year, to date Rackspace has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '799 patent, nor has Rackspace informed its customers or end-users how to avoid infringing the '799 patent. To date,

Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '799 patent.  On information and belief, Rackspace itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '799 patent.  To date, Rackspace has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '799 patent in response to Clouding's requests for production of documents and things.  Nor has Rackspace to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '799 patent in response to Clouding's interrogatories.

42.    As such, on information and belief, despite the information Rackspace gleaned from the original complaint in this action, Rackspace continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '799 patent.  In addition, since at least the filing of the original complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '799 patent.

43.    Rackspace's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of

15

infringement of the '799 patent, which was duly issued by the United States Patent and

Trademark Office and is presumed valid.  Since at least the filing of the original complaint,

Rackspace is aware that there is an objectively high likelihood that its actions constituted, and

continue to constitute, infringement of the '799 patent and that the '799 patent is valid.  Despite

Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any

changes to the relevant operation of its products and/or services and has not provided its users

and/or customers with instructions on how to avoid infringement the '799 patent.  Instead,

Rackspace has continued to, and still is continuing to, among other things, make, use, offer for

sale, and/or sell products and/or services patented under the '799 patent.  As such, Rackspace

willfully, wantonly and deliberately infringed and is infringing the '799 patent in disregard of

Clouding's rights.

44.     As a result of Rackspace's infringement of the '799 patent, Plaintiff Clouding has

suffered monetary damages in an amount adequate to compensate for Rackspace's infringement,

but in no event less than a reasonable royalty for the use made of the invention by Rackspace,

together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

45.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-44 above,

as if fully set forth herein.

46.     Plaintiff Clouding is the owner by assignment of United States Patent

No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog

Overview of Files Disruptively Stored Across Network Domain."  The '607 patent was duly and

legally issued by the United States Patent and Trademark Office on February 27, 1996.

Clouding is the owner by assignment from Symantec Corporation of the '607 patent.  A true and correct copy of the '607 patent is included as Exhibit D.

47.     Rackspace operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in data centers in the United States.  Rackspace's server farms provide and support cloud computing services, including at least Rackspace Cloud Servers.  On information and belief, Rackspace makes and/or uses a system for monitoring the health of at least some of Rackspace's servers and computers over a network in its data centers.

48.     On information and belief, Rackspace has directly infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent.  Such systems include, by way of example and without limitation, a system made and/or used by Rackspace to monitor the health of servers and computers running Rackspace Cloud Servers, which is covered by one or more claims of the '607 patent, including but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '607 patent, Rackspace has injured Clouding and is liable to Clouding for infringement of the '607 patent pursuant to 35 U.S.C. § 271(a).

49.     Rackspace has had actual knowledge of the '607 patent since at least the filing of the original complaint in this action.

50.     Rackspace's actions of, *inter alia*, making and using a system for monitoring the health of at least some of Rackspace's servers and computers over a network in its data centers constitute an objectively high likelihood of infringement of the '607 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at

least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '607 patent and that the '607 patent is valid.   Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of its system.  Instead, Rackspace has continued to, and still is continuing to, among other things, make and use a system for monitoring the health of at least some of Rackspace's servers and computers over a network in its data centers patented under the '607 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '607 patent in disregard of Clouding's rights.

51.     As a result of Rackspace's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 6,925,481**

52.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-52 above, as if fully set forth herein.

53.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '481 patent.  A true and correct copy of the '481 patent is included as Exhibit E.

54.     Rackspace makes, uses, sells, offers for sale, and/or imports products and/or

services in the United States that provide or support remote data access by a mobile device, such

as Rackspace Cloud Mobile.

55.     On information and belief, Rackspace has directly infringed and continues to

infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or

importing products and/or services that are covered by one or more claims of the '481 patent.

Such products and/or services include, by way of example and without limitation, Rackspace

Cloud Mobile, which is covered by one or more claims of the '481 patent, including but not

limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or

services covered by one or more claims of the '481 patent, Rackspace has injured Clouding and

is liable to Clouding for infringement of the '481 patent pursuant to 35 U.S.C. § 271(a).

56.     Rackspace has had actual knowledge of the '481 patent since at least the filing

of the original complaint in this action.

57.     On information and belief, Rackspace has and continues to indirectly infringe

one or more claims of the '481 patent by inducing others (e.g., its customers and end-users) to

directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original

complaint in this action.

58.     On information and belief, Rackspace has induced others and continues to

induce others, including but not limited to Rackspace's customers and end-users, to infringe the

'481 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate

direct infringement by others with knowledge of that infringement, such as, upon information

and belief, by making, using, offering for sale, selling and/or importing products and/or services

that when used as intended infringe the '481 patent.  Such products and/or services include, by

way of example and without limitation, Rackspace Cloud Mobile application for Android-based devices and Apple iPhone, iPad, and iPod touch, the use of which is covered by one or more claims of the '481 patent, including but not limited to claim 55.  Rackspace's customers and end-users who use such products and/or services directly infringe the claims of the '481 patent. Since at least the filing of the original complaint in this action, Rackspace has had actual knowledge of the '481 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '481 patent.  Despite Rackspace's actual knowledge of the '481 patent and the knowledge that its customers and end-users infringed, Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Rackspace's products and services that are covered by one or more claims of the '481 patent.

59.     On information and belief, in order to generate profits and revenues, Rackspace markets and promotes, e.g., through its website and sales personnel, the use of its products and services supporting data manipulation by mobile devices that infringe the '481 patent when used as intended by Rackspace's customers and end-users.  Rackspace further sells (or licenses the use of) such products and/services to customers and end-users.  Rackspace's customers and end-users use such products and services (including, e.g., Rackspace's software and hardware). Rackspace further instructs its customers and end-users how to use such products and services in a manner that infringes the '481 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Rackspace further instructs its customers and end-user to infringe the '481 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Rackspace still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling

and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '481 patent.

60.     On information and belief, even though Rackspace has been aware of the '481 patent and that its customers and end-users infringe the '481 patent for over a year, to date Rackspace has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '481 patent, nor has Rackspace informed its customers or end-users how to avoid infringing the '481 patent.  To date, Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '481 patent.  On information and belief, Rackspace itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '481 patent.  To date, Rackspace has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '481 patent in response to Clouding's requests for production of documents and things.  Nor has Rackspace to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '481 patent in response to Clouding's interrogatories.

61.     As such, on information and belief, despite the information Rackspace gleaned from the original complaint in this action, Rackspace continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that

infringe the claims of the '481 patent.  In addition, since at least the filing of the original

complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining

opinion of counsel, designing around, or providing notice to its customer) to avoid confirming

that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products

and/or service in a manner that infringe the claims of the '481 patent.

62.     Rackspace's actions of, *inter alia*, making, using, offering for sale, selling

and/or importing such products and/or services constitute an objectively high likelihood of

infringement of the '481 patent, which was duly issued by the United States Patent and

Trademark Office and is presumed valid.  Since at least the filing of the original complaint,

Rackspace is aware that there is an objectively high likelihood that its actions constituted, and

continue to constitute, infringement of the '481 patent and that the '481 patent is valid.   Despite

Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any

changes to the relevant operation of its products and/or services and has not provided its users

and/or customers with instructions on how to avoid infringement the '481 patent.  Instead,

Rackspace has continued to, and still is continuing to, among other things, make, use, offer for

sale, sell and/or import products and/or services patented under the '481 patent.  As such,

Rackspace willfully, wantonly and deliberately infringed and is infringing the '481 patent in

disregard of Clouding's rights.

63.     As a result of Rackspace's infringement of the '481 patent, Plaintiff Clouding has

suffered monetary damages in an amount adequate to compensate for Rackspace's infringement,

but in no event less than a reasonable royalty for the use made of the invention by Rackspace,

together with interest and costs as fixed by the Court.

22

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

64.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-63 above, as if fully set forth herein.

65.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device."  The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007.  Clouding is the owner by assignment from Symantec Corporation of the '621 patent.  A true and correct copy of the '621 patent is included as Exhibit F.

66.     Rackspace makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Rackspace Cloud Mobile.

67.     On information and belief, Rackspace has directly infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent.  Such products and/or services include, by way of example and without limitation, Rackspace Cloud Mobile, which is covered by one or more claims of the '621 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, Rackspace has injured Clouding and is liable to Clouding for infringement of the '621 patent pursuant to 35 U.S.C. § 271(a).

68.     Rackspace has had actual knowledge of the '621 patent since at least the filing of the original complaint in this action.

69.     Rackspace's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '621 patent constitute an objectively high likelihood of infringement of the '621 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '621 patent and that the '621 patent is valid.   Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of products and/or services to avoid infringement the '621 patent.  Instead, Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services patented under the '621 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '621 patent in disregard of Clouding's rights.

70.     As a result of Rackspace's infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

71.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-70 above, as if fully set forth herein.

72.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments."  The '908 patent was duly and legally issued by the United States Patent and

Trademark Office on November 8, 2005  Clouding is the owner by assignment from Symantec

Corporation of the '908 patent.  A true and correct copy of the '908 patent is included as Exhibit

G.

73.     Rackspace makes, uses, sells, offers for sale, and/or imports products and/or

services in the United States that provide or support remote data access by a mobile device, such

as Rackspace Cloud Drive.

74.     On information and belief, Rackspace has directly infringed and continues to

infringe the '908 patent by, among other things, making, using, offering for sale, selling and/or

importing products and/or services that are covered by one or more claims of the '908 patent.

Such products and/or services include, by way of example and without limitation, Rackspace

Cloud Drive, the use of which is covered by one or more claims of the '908 patent, including but

not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or

services covered by one or more claims of the '908 patent, Rackspace has injured Clouding and

is liable to Clouding for infringement of the '908 patent pursuant to 35 U.S.C. § 271(a).

75.     Rackspace has had actual knowledge of the '908 patent since at least the filing

of the original complaint in this action.

76.     Rackspace's actions of, *inter alia*, making, using, offering for sale, selling,

and/or importing such products and/or services that are covered by one or more claims of the

'908 patent constitute an objectively high likelihood of infringement of the '908 patent, which

was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since

at least the filing of the original complaint, Rackspace is aware that there is an objectively high

likelihood that its actions constituted, and continue to constitute, infringement of the '908 patent

and that the '908 patent is valid.   Despite Rackspace's knowledge of that risk, on information

and belief, Rackspace has not made any changes to the relevant operation of its products and/or services to avoid infringement the '908 patent.  Instead, Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, sell, and/or import products and/or services patented under the '908 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '908 patent in disregard of Clouding's rights.

77.     As a result of Rackspace's infringement of the '908 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 6,631,449**

78.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-42 above, as if fully set forth herein.

79.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Method."  The '449 patent was duly and legally issued by the United States Patent and Trademark Office on October 7, 2003.  Clouding is the owner by assignment from Symantec Corporation of the '449 patent.  A true and correct copy of the '449 patent is included as Exhibit H.

80.     Rackspace makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Rackspace's cloud computing products and/or services, such as Cloud Files, are provided by servers using peer-to-peer communication.

81.     On information and belief, Rackspace has directly infringed and continues to infringe the '449 patent by, among other things, making, using, offering for sale, and/or selling

cloud computing products and/or services patented under the '449 patent.  Such cloud computing

products and/or services include, by way of example and without limitation, use of Cloud Files,

which is covered by one or more claims of the '449 patent, including but not limited to claim 1.

By making, using, offering for sale, and/or selling cloud computing products and/or services

patented under the '449 patent, Rackspace has injured Clouding and is liable to Clouding for

infringement of the '449 patent pursuant to 35 U.S.C. § 271(a).

82.     Rackspace has had actual knowledge of the '449 patent since at least the filing

of the original complaint in this action.

83.     On information and belief, Rackspace has and continues to indirectly infringe

one or more claims of the '449 patent by inducing others (e.g., its customers and end-users) to

directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original

complaint in this action.

84.     On information and belief, Rackspace has induced others and continues to

induce others, including but not limited to Rackspace's customers and end-users, to infringe the

'449 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate

direct infringement by others with knowledge of that infringement, such as, upon information

and belief, by making, using, offering for sale, and/or selling products and/or services that when

used as intended infringe the '449 patent.  Such products and/or services include, by way of

example and without limitation, Cloud Files, the use of which is covered by one or more claims

of the '449 patent, including but not limited to claim 1.  Rackspace's customers and end-users

who use such products and/or services directly infringe the claims of the '449 patent.  Since at

least the filing of the original complaint in this action, Rackspace has had actual knowledge of

the '449 patent and has known that the use of such products and/or services by its customers and

end-users constituted direct infringement of the '449 patent.  Despite Rackspace's actual

knowledge of the '449 patent and the knowledge that its customers and end-users infringed,

Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its

customers and end-users to directly infringe by using Rackspace's cloud computing products

and/or services that are covered by one or more claims of the '449 patent.

85.     In particular, Rackspace's customers' and end-users' use of Rackspace's cloud

computer products and services is facilitated by the use of Rackspace's systems employing peer-

to-peer or server-to-server communications that are patented under the '449 patent.  Thus, when

Rackspace's customers and end-users use its cloud computing products and services,

Rackspace's customers and end-users use peer-to-peer or server-to-server systems patented

under the '449 patent.

86.     On information and belief, in order to generate profits and revenues, Rackspace

markets and promotes, e.g., through its website and sales personnel, the use of its products and

services employing peer-to-peer or server-to-server communications protocols that infringe the

'449 patent when used as intended by Rackspace's customers and end-users.  Rackspace further

sells (or licenses the use of) such products and/services to customers and end-users.  Rackspace's

customers and end-users use such products and services (including, e.g., Rackspace's software

and hardware).  Rackspace further instructs its customers and end-users how to use such

products and services in a manner that infringes the '449 patent (e.g., through technical

documentation, manuals, instructions, and technical support).  Rackspace further instructs its

customers and end-user to infringe the '449 patent through the products and services themselves,

e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Rackspace

still further makes such products and services accessible to its customers and end-users via the

Internet, thus enabling and encouraging its customers and end-users to use such products and

services, including supporting hardware and software systems, to infringe the '449 patent.

87.     On information and belief, even though Rackspace has been aware of the '449

patent and that its customers and end-users infringe the '449 patent for over a year, to date

Rackspace has neither made any changes to the functionality, operations, marketing, sales,

technical support, etc. of such products and services to avoid infringing the '449 patent, nor has

Rackspace informed its customers or end-users how to avoid infringing the '449 patent.  To date,

Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has

taken to avoid infringement (e.g., by designing around or notifying its customers or end-users

how to avoid infringement) by itself or its customers or end-users since it became aware of the

'449 patent.  On information and belief, Rackspace itself is unaware of any legal or factual basis

that its actions solely, or in combination with the actions of its customers and end-users, do not

constitute direct or indirect infringement of the '449 patent.  To date, Rackspace has not

produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or

investigation relating to the validity, scope, interpretation, construction, enforceability,

unenforceability, or the infringement or potential infringement of any claim of the '449 patent in

response to Clouding's requests for production of documents and things.  Nor has Rackspace to

date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g.,

noninfringement or invalidity) relating to any claim of the '449 patent in response to Clouding's

interrogatories.

88.     As such, on information and belief, despite the information Rackspace gleaned

from the original complaint in this action, Rackspace continues to specifically intend for and

encourage its customers and end-users to use its products and/or services in a manner that

infringe the claims of the '449 patent.  In addition, since at least the filing of the original complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '449 patent.

89.     Rackspace's actions of, *inter alia*, making, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '449 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '449 patent and that the '449 patent is valid.   Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of its cloud computer products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '449 patent.  Instead, Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '449 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '449 patent in disregard of Clouding's rights.

90.     As a result of Rackspace's infringement of the '449 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,918,014

91.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-90 above, as if fully set forth herein.

92.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method."  The '014 patent was duly and legally issued by the United States Patent and Trademark Office on July 12, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '014 patent.  A true and correct copy of the '014 patent is included as Exhibit I.

93.     Rackspace makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Rackspace's cloud computing products and/or services, such as Cloud Files, are provided by servers using peer-to-peer communication.

94.     On information and belief, Rackspace has directly infringed and continues to infringe the '014 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent.  Such cloud computing products and/or services include, by way of example and without limitation, use of Cloud Files, which is covered by one or more claims of the '014 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent, Rackspace has injured Clouding and is liable to Clouding for infringement of the '014 patent pursuant to 35 U.S.C. § 271(a).

95.     Rackspace has had actual knowledge of the '014 patent since at least the filing of the original complaint in this action.

96.     On information and belief, Rackspace has and continues to indirectly infringe one or more claims of the '014 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

97.     On information and belief, Rackspace has induced others and continues to induce others, including but not limited to Rackspace's customers and end-users, to infringe the '014 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling products and/or services that when used as intended infringe the '014 patent.  Such products and/or services include, by way of example and without limitation, use of Cloud Files, which is covered by one or more claims of the '014 patent, including but not limited to claim 5.  Rackspace's customers and end-users who use such products and/or services directly infringe the claims of the '014 patent.  Since at least the filing of the original complaint in this action, Rackspace has had actual knowledge of the '014 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '014 patent.  Despite Rackspace's actual knowledge of the '014 patent and the knowledge that its customers and end-users infringed, Rackspace continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Rackspace's cloud computing products and/or services that are covered by one or more claims of the '014 patent.

98.     In particular, Rackspace's customers' and end-users' use of Rackspace's cloud computer products and services is facilitated by the use of Rackspace's systems employing peer-to-peer or server-to-server communications that are patented under the '014 patent.  Thus, when

Rackspace's customers and end-users use its cloud computing products and services,

Rackspace's customers and end-users use peer-to-peer or server-to-server systems patented

under the '014 patent.

99.     On information and belief, in order to generate profits and revenues, Rackspace

markets and promotes, e.g., through its website and sales personnel, the use of its products and

services employing peer-to-peer or server-to-server communications protocols that infringe the

'014 patent when used as intended by Rackspace's customers and end-users.  Rackspace further

sells (or licenses the use of) such products and/services to customers and end-users.  Rackspace's

customers and end-users use such products and services (including, e.g., Rackspace's software

and hardware).  Rackspace further instructs its customers and end-users how to use such

products and services in a manner that infringes the '014 patent (e.g., through technical

documentation, manuals, instructions, and technical support).  Rackspace further instructs its

customers and end-user to infringe the '014 patent through the products and services themselves,

e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Rackspace

still further makes such products and services accessible to its customers and end-users via the

Internet, thus enabling and encouraging its customers and end-users to use such products and

services, including supporting hardware and software systems, to infringe the '014 patent.

100.    On information and belief, even though Rackspace has been aware of the '014

patent and that its customers and end-users infringe the '014 patent for over a year, to date

Rackspace has neither made any changes to the functionality, operations, marketing, sales,

technical support, etc. of such products and services to avoid infringing the '014 patent, nor has

Rackspace informed its customers or end-users how to avoid infringing the '014 patent.  To date,

Rackspace has not identified, in response to Clouding's interrogatories, a single action that it has

taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '014 patent.  On information and belief, Rackspace itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '014 patent.  To date, Rackspace has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '014 patent in response to Clouding's requests for production of documents and things.  Nor has Rackspace to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '014 patent in response to Clouding's interrogatories.

101.    As such, on information and belief, despite the information Rackspace gleaned from the original complaint in this action, Rackspace continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '014 patent.  In addition, since at least the filing of the original complaint in this action, Rackspace has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '014 patent.

102.    Rackspace's actions of, *inter alia*, making, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '014 patent, which was duly issued by the United States Patent and Trademark Office and is

34

presumed valid.  Since at least the filing of the original complaint, Rackspace is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '014 patent and that the '014 patent is valid.   Despite Rackspace's knowledge of that risk, on information and belief, Rackspace has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '014 patent.  Instead, Rackspace has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '014 patent.  As such, Rackspace willfully, wantonly and deliberately infringed and is infringing the '014 patent in disregard of Clouding's rights.

103.    As a result of Rackspace's infringement of the '014 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

**COUNT X**
**INFRINGEMENT OF U.S. PATENT NO. 7,032,089**

104.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-103 above, as if fully set forth herein.

105.    Plaintiff Clouding is the owner by assignment of United States Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-on-Read Technique."  The '089 patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '089 patent.  A true and correct copy of the '089 patent is included as Exhibit J.

35

106.    Rackspace makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Rackspace's cloud computing products and/or services, such as Rackspace Cloud Drive and Jungle Disk, are provided by servers using peer-to-peer communication.

107.    On information and belief, Rackspace has directly infringed and continues to infringe the '089 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '089 patent.  Such cloud computing products and/or services include, by way of example and without limitation, Rackspace Cloud Drive and Jungle Disk, which are covered by one or more claims of the '089 patent, including but not limited to claim 13.  By making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '089 patent, Rackspace has injured Clouding and is liable to Clouding for infringement of the '089 patent pursuant to 35 U.S.C. § 271(a).

108.    As a result of Rackspace's infringement of the '089 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Rackspace's infringement, but in no event less than a reasonable royalty for the use made of the invention by Rackspace, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Rackspace has infringed, either literally and/or under the doctrine of equivalents, the '784 patent, the '637 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, the '449 patent, the '014 patent, and the '089 patent;

2.      A judgment that Rackspace has induced infringement of the '784 patent, the '637 patent, the '799 patent, the '481 patent, the '449 patent, and the '014 patent;

3.      A judgment that Rackspace has willfully infringed the '784 patent, the '637 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, the '449 patent, and the '014 patent;

4.      A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

5.      A judgment and order requiring Rackspace to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Rackspace's infringement of the '784 patent, the '637 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, the '449 patent, the '014 patent, and the '089 patent;

6.      A judgment and order that this case is exceptional and requiring Rackspace to pay Plaintiff Clouding reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 21, 2013                              BAYARD, P.A.

OF COUNSEL:                               /s/ *Stephen B. Brauerman*
                                          Richard D. Kirk (rk0922)
Marc A. Fenster                           Stephen B. Brauerman (sb4952)
Jaspal S. Hare                            Vanessa R. Tiradentes (vt5398)
RUSS, AUGUST & KABAT                      222 Delaware Avenue, Suite 900
12424 Wilshire Boulevard, Twelfth Floor   P.O. Box 25130
Los Angeles, California 90025             Wilmington, DE  19899
(310) 826-7474                            (302) 655-5000
mfenster@raklaw.com                       rkirk@bayardlaw.com
jhare@raklaw.com                          sbrauerman@bayardlaw.com
                                          vtiradentes@bayardlaw.com

                                          *Attorneys for Plaintiff Clouding IP, LLC*