**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CLOUDING IP, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 12-675-LPS |
| RACKSPACE HOSTING, INC., RACKSPACE US, INC., and JUNGLE DISK, LLC | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS INDIRECT INFRINGEMENT CLAIMS
<u>FROM PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

*Pro Hac Vice:*

R. Laurence Macon
Kirt S. O'Neill
Melanie G. Cowart
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000
lmacon@akingump.com
koneill@akingump.com
mcowart@akingump.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANTS
RACKSPACE HOSTING, INC.,
RACKSPACE US, INC., and JUNGLE DISK, LLC**

Dated: August 5, 2013

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................................1

II.    ARGUMENT.......................................................................................................................1

    A.    Clouding's Second Amended Complaint fails to allege facts sufficient to support an inference that Rackspace has specific intent to induce infringement. ............................................................................................................1

    B.    The Court should disregard any "facts" alleged in Clouding's complaint that are contradicted by the public record. ............................................................4

III.   CONCLUSION..................................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apeldyn Corp. v. Sony Corp.*,
   852 F. Supp. 2d 568 (D. Del. 2012) ..................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 1, 3

*Bascom Research LLC v. Facebook, Inc.*,
   Nos. C 12-6293 SI, C 12-6294 SI, C 12-6295 SI, C 12-6296 SI, C 12-6297 SI, 2013
   WL 968210 (N.D. Cal. March 12, 2013) ............................................................................ 2

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ 1, 3

*DSU Medical Corp v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ............................................................................................ 3

*E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
   No. 11-773, 2012 WL 4511258 (D. Del. 28, 2012) ............................................................ 3

*In re Bill of Lading Transmission Processing and System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012) ................................................................................... 1, 2, 3

*Mayer v. Belichick*,
   605 F.3d 223 (3d Cir. 2010) ................................................................................................. 4

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   No. 11-798, 2012 WL 4340653 (D. Del. Sept. 20, 2012) ............................................... 2, 3

*Pragmatus AV, LLC v. TangoMe, Inc.*,
   No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) (Stark, J.) ............................ 1

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
   Civ. A. 12-92-RFA, 2012 WL 2700495 (D. Del. July 5, 2012) .......................................... 2

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012) ..................................................................................... 3

I.   **INTRODUCTION**

Clouding's Opposition Brief—like its Second Amended Complaint—completely ignores Clouding's obligation to plead facts plausibly showing that Rackspace specifically intended anyone to directly infringe the asserted patents.  For at least this reason, the Second Amended Complaint fails to state a claim for inducement by Rackspace.

II.   **ARGUMENT**

Clouding's second amended claim for post-filing induced infringement is inadequate—it runs afoul of the Supreme Court's proscription against pleadings that allege causes of action with nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" or "formulaic recitation[s] of the elements of a cause of action."[1]  Indeed, Clouding's Second Amended Complaint relies only on "naked assertion[s]" devoid of "further factual enhancement."[2]  The mere fact that Rackspace continues to operate general facets of its business cannot support an inference that Rackspace intended to induce infringement.

   A.   **Clouding's Second Amended Complaint fails to allege facts sufficient to support an inference that Rackspace has specific intent to induce infringement.**

Despite overwhelming authority that *all* induced infringement claimants must plead detailed factual allegations to infer the requisite specific intent, Clouding fails to do so.  *See In re Bill of Lading Transmission Processing and System Patent Litigation,* 681 F.3d 1323, 1340 (Fed. Cir. 2012) (holding that only in light of substantial and detailed factual allegations describing the defendant's *specific conduct* could a reasonable inference be drawn that the defendants specifically intended to infringe the asserted patent); *Pragmatus AV, LLC v. TangoMe, Inc.,* No.

---

[1] *See Ashcroft v. Iqbal,*  556 U.S. 662, 677-78 (2009).
[2] *See Bell Atlantic v. Twombly,* 550 U.S. 544, 557 (2007).

11-1092-LPS, 2013 WL 571798, *12 (D. Del. Feb. 13, 2013) (Stark, J.) (dismissing induced infringement claim because plaintiff's complaint contained no factual allegations that went to specific intent to induce, such as "the nature of the relationship between Defendant and its users, nor about how the use of [the accused products] relates to the" patents); *Pragmatus Telecom, LLC v. Ford Motor Co.,* Civ. A. 12-92-RFA, 2012 WL 2700495, *1 (D. Del. July 5, 2012) (following *Bill of Lading,* the court dismissed the induced patent infringement claim because plaintiff failed to allege any facts "from which one could infer that the allegation [of specific] intent is plausible."); *Bascom Research LLC v. Facebook, Inc.,* Nos. C 12-6293 SI, C 12-6294 SI, C 12-6295 SI, C 12-6296 SI, C 12-6297 SI, 2013 WL 968210, *5 (N.D. Cal. March 12, 2013) (dismissing induced infringement claims because "[w]hile the complaints do contain allegations regarding the defendants' products, there are no . . . specific allegations about how defendants have advertised an infringing use or instructed customers or third parties regarding how to engage in an infringing use.")

Instead, seeking to escape this established precedent—and its own scant pleading—Clouding insists that this Court relax the pleading standard for post-filing induced infringement. More specifically, Clouding represents that *MONEC*[3] stands for the proposition that a complaint that alleges knowledge of the patent after the filing of the lawsuit satisfies all applicable pleading requirements.[4] That is incorrect. Rather, in *MONEC,* this Court held that a complaint that properly alleges knowledge of the patents satisfies applicable pleading requirements *only if* the

---

[3] *MONEC Holding AG v. Motorola Mobility, Inc.,* No. 11-798, 2012 WL 4340653 (D. Del. Sept. 20, 2012) (dismissing an inducement claim because the complaint failed to allege facts supporting specific intent).

[4] *See* Clouding's Opposition Brief at p. 7-8.

2

complaint also alleges factual support for the specific intent to induce infringement.[5] Indeed, Clouding's misguided belief that it is held to a lower pleading standard is even more surprising given that this Court—in *this* case—reaffirmed the established rule that all induced infringement claimants are held to the same high standard:

> Clouding contends that the specific intent prong is established by virtue of Defendants' continued infringement despite knowledge gleaned from the complaint. . . . ***That argument only holds true, however, if the complaint contains sufficient facts to support an inference that Defendants specifically intended or encouraged others to directly infringe***.

*Memorandum Opinion* (D.I. 61) at pp. 5-6 (emphasis added).[6]

In short, Clouding it is not exempt from the "rigid rules" elucidated in *Iqbal, Twombly, Bill of Lading, MONEC,* and this case simply because it is pleading only post-filing induced infringement.[7] Clouding is still required to plead sufficient facts to support a plausible claim that Rackspace specifically intended others to infringe. But it fails to do so—again. This failure supports dismissal of Clouding's second attempt at pleading induced infringement.

---

[5] 2012 WL 4340653 at *8; *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH,* No. 11-773, 2012 WL 4511258, *7-8 (D. Del. 28, 2012).

[6] What is more, Clouding asserts that the *DSU Medical Corp v. JMS Co., Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006), case is "unavailing" because the words "complaint" and "dismiss" do not appear in the opinion. *See* Clouding's Opposition Brief at p. 7 fn. 2. But this Court has already acknowledged that the *DSU* case is relevant. In fact, this Court cited the *DSU* case in its opinion dismissing Clouding's first attempt at pleading induced infringement. *See* Memorandum Opinion (D.I. 61) at p. 6.

[7] Clouding clings to the rulings in *Apeldyn Corp. v. Sony Corp.,* 852 F. Supp. 2d 568 (D. Del. 2012) and *Walker Digital, LLC v. Facebook, Inc.,* 852 F. Supp. 2d 559 (D. Del. 2012) as support that it is held to a lowered pleading standard. But in those cases, where the inducement claims were not dismissed, this Court explained that, unlike the Complaint here, the complaints in those cases included "some factual allegations going to defendants' specific intent to induce infringement and knowledge that their customer's acts constituted infringement." *See E.I Du Pont,* 2012 WL 4511258, *7 (citing *Apeldyn,* 852 F. Supp. 2d at 573; *Walker Digital,* 852 F Supp. 2d at 563-564). Where, like here, "the complaint at issue . . . contained insufficient facts regarding the defendant's intent to induce infringement, the claim was dismissed." *Id.* (citing *MONEC,* 2012 WL 4340653, *7).

3

**B.    The Court should disregard any "facts" alleged in Clouding's complaint that are contradicted by the public record.**

Finally, in evaluating Clouding's Second Amended Complaint, the Court is not obligated to take all factual allegations in a complaint as true if those allegations are contradicted by matters of public record.[8]  This is not a novel argument.  Rackspace is not currently arguing that the IPR decisions negate Rackspace's intent.  Instead, Rackspace argues that the IPR decisions contradict statements of "fact" that Clouding alleged in its Second Amended Complaint— namely, paragraphs 17, 29, 41, 60, 87, and 100.  And as such, in deciding whether Clouding has alleged sufficient facts to support an inference of specific intent, the Court should disregard those allegations.

## III.    CONCLUSION

Clouding once again fails to plead sufficient facts to plausibly demonstrate that Rackspace specifically intended anyone to directly infringe the asserted patents.  As a consequence, the Court should dismiss Clouding's induced infringement claims with prejudice because, as previously stated, there is no indication that Clouding will be able to cure the defects that plagued its First and Second Amended Complaints.

---

[8] *See Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010).

Dated: August 5, 2013

        */s/ Kenneth L. Dorsney*
        Kenneth L. Dorsney (#3726)
        MORRIS JAMES LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, Delaware 19801
        (302) 888-6800
        kdorsney@morrisjames.com

        – and –

        *Pro Hac Vice:*

        R. Laurence Macon
        Kirt S. O'Neill
        Melanie G. Cowart
        AKIN GUMP STRAUSS HAUER & FELD LLP
        300 Convent Street, Suite 1600
        San Antonio, Texas 78205-3732
        (210) 281-7000
        lmacon@akingump.com
        koneill@akingump.com
        mcowart@akingump.com

        **ATTORNEYS FOR DEFENDANTS RACKSPACE HOSTING, INC., RACKSPACE US, INC., and JUNGLE DISK, LLC**