IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,                                )         REDACTED PUBLIC VERSION
                                                 )
                          Plaintiff,             )
                                                 )
            v.                                   )         C.A. No. 12-675-LPS
                                                 )
RACKSPACE HOSTING, INC.,                         )
RACKSPACE US, INC., and JUNGLE                   )
DISK, LLC                                        )
                                                 )
                          Defendants.            )


**OPENING BRIEF OF DEFENDANTS RACKSPACE HOSTING, INC.,
RACKSPACE US, INC. AND JUNGLE DISK IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF STANDING**


ASHBY & GEDDES
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Daniel T. Shvodian
James F. Valentine
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
(650) 838-4300

Matthew C. Bernstein
PERKINS COIE LLP
11988 Camino Real, Suite 200
San Diego, CA  92130

Dated:  December 20, 2013

{00817474;v1 }

**TABLE OF CONTENTS**

**Page**

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................1

II.    SUMMARY OF ARGUMENT ...................................................................1

III.   STATEMENT OF RELEVANT FACTS .......................................................3

       A.   Rackspace Products ...........................................................3

       B.   Open Invention Network License ...........................................5

       C.   Symantec/Clouding Agreement ..............................................6

IV.    LEGAL STANDARD ...............................................................................6

       A.   Motions to Dismiss for Lack of Standing.................................6

       B.   Lack of Standing by Those Without Exclusivity ........................7

       C.   Non-Exclusive Licensees Lack Standing .................................7

V.     ARGUMENT .........................................................................................9

       A.   The OIN License Further Demonstrates That Clouding Does
            Not Hold "All Substantial Rights" .........................................9

       B.   Rackspace Had The Ability to Obtain A License Through Sy-
            mantec/OIN ...................................................................12

       C.   Rackspace Actually Obtained A License Through Syman-
            tec/OIN .........................................................................13

VI.    CONCLUSION ....................................................................................14

# TABLE OF AUTHORITIES

*Page(s)*

CASES

*Abbot Labs v. Diamedix Corp.*,
  47 F.3d 1128 (Fed. Cir. 1995) --------------------------------------------------------------10, 11

*Ballentine v. U.S.*,
  486 F.3d 806 (3rd Cir. 2007) -----------------------------------------------------------------6

*Calgon Corp v. Nalco Chem. Co.*,
  726 F.Supp. 983 (D. Del. 1989) --------------------------------------------------------7, 10, 11

*Clouding IP, LLC v. Amazon.com, Inc.*,
  C.A. No. 12-641-LPS--------------------------------------------------------------------------1

*Crown Dye & Tool Co. v. Nye Tool & Machine Works*,
  261 U.S. 24 (1923)----------------------------------------------------------------------------7

*Independent Wireless Tel Co. v. Radio Corp.*,
  269 U.S. 459 (1926) -------------------------------------------------------------------- 8, 13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) --------------------------------------------------------------------------6

*Petruska v. Gannon Univ.*,
  462 F.3d 294 (3rd Cir. 2006) -----------------------------------------------------------------7

*Pfizer, Inc. v. Elan Pharm. Research Corp.*,
  812 F.Supp. 1352 (D. Del. 1993) ------------------------------------------------------7, 10, 11

*Raber v. Pittway Corp.*,
  23 U.S.P.Q.2d 1313, 1992 WL 219016 (N.D. Cal. 1992) -----------------------------7, 10, 11

*Rite Hite Corp. v. Kelley Co., Inc.*,
  56 F.3d 1538 (Fed. Cir. 1995) ----------------------------------------------------------------8

*Sicom Sys. Ltd. V. Agilent Techs, Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ----------------------------------------------------- 6, 7, 12

*Spine Solutions Inc. v. Medtronic Sofamor Danek USA, Inc.*,
  620 F.3d 1305 (Fed. Cir. 2010)----------------------------------------------------- 9, 10, 12, 13

# TABLE OF AUTHORITIES
## (continued)

**Page**

*WIAV Solutions LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)-------------------------------------------------------- 8, 9, 12

Amazon previously filed a motion to dismiss because Clouding is not the patentee and lacks "all substantial rights" to enforce the Symantec patents.  Recent developments, however, have not only reinforced Clouding's lack of "all substantial rights," they also make clear that Clouding cannot even claim to be the "exclusive licensee" to the patents.  Thus, Clouding cannot even be a party to this litigation as a co-plaintiff with Symantec.

That Clouding lacks "all substantial rights" and exclusive licensee status was conclusively confirmed in September 2013 when Rackspace (and others) obtained licenses covering the patents-in-suit from Symantec.  Thus, Rackspace files the present brief to address this additional defect in Clouding's assertion that this Court has jurisdiction to hear Clouding's claims.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Amazon previously filed a motion to dismiss Clouding's claims for lack of standing.  (D.I. 113.)[1]  Amazon argued that Clouding has not shown that it is the patentee or that Clouding has "all substantial rights" in the patents-in-suit.  Rackspace joined in, but did not separately brief, that motion.  That motion is now pending before this Court, and the Court has allowed supplemental briefing on standing such that briefing could be completed by January 15 and addressed at the January 31 hearing.

## II.  SUMMARY OF ARGUMENT

A party that lacks an essential right of a patent is not the patentee or holder of "all substantial rights" and lacks standing to sue.  Clouding lacks the essential right of

---

[1] All citations to a "D.I." number in this brief refer to the docket of *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. No. 12-641-LPS, in which the original motion to dismiss for lack of standing was filed.

-2-

exclusivity because, in addition to ████████████████████████ discussed in Amazon's motion, ████████████████████████████████

████████████████████████████████████████████████████

██. OIN is dedicated to promoting open source software and Linux. Members of OIN agree to cross-license each other for any patents related to software defined as part of the "Linux System," which now includes more than 2,000 software packages. Both Symantec and Rackspace are OIN members.[2]



The OpenStack software that Rackspace offers and that is accused of infringement in this case was listed by OIN ██████████ and became licensed in September 2013. Thus, because Symantec retained the ability to license others, as demonstrated by its actual license of Rackspace products, Clouding lacks the essential right of exclusivity and therefore standing to sue in its own name for alleged patent infringement.

It is well settled that a non-exclusive licensee of a patent lacks standing to sue for infringement of that patent or even to participate as a party in such litigation. Here, not only is Clouding not the patentee or the holder of "all substantial rights," Clouding is not even an exclusive licensee. At best, Clouding is a non-exclusive licensee and, therefore, cannot be a party to this case even if the patentee were present.

---

[2] In addition, amongst the defendants in the other Clouding cases, at least Drop-Box, Google, and Hewlett-Packard are also members of OIN.

As a result, this suit must be dismissed.

## III.    STATEMENT OF RELEVANT FACTS

### A.    Rackspace Products

Rackspace provides hosting services to its customers. (Declaration of Paul Voccio (hereinafter "Voccio Decl.") ¶ 5.)  Thus, Rackspace provides hardware and software that companies contract for the use of instead of purchasing their own hardware and software.  (Voccio Decl. ¶ 5.)

In July 2010, Rackspace joined with NASA to begin the OpenStack project. (Voccio Decl. ¶ 6.)  The project focused on developing open source, cloud computing software.  (Voccio Decl. ¶ 6.)    NASA contributed its computation software (then known as "Nebula" and now known as "Nova"), while Rackspace contributed its storage software (then known as "Cloud Files" and now known as "Swift").  (Voccio Decl. ¶¶ 6, 13-21.)  Indeed, the README file for the current version of Swift (version 1.10.0) reflects Rackspace's contribution and states in part:

> Swift was originally developed as the basis for
> Rackspace's Cloud Files and was open-sourced in
> 2010 as part of the OpenStack project. It has
> since grown to include contributions from many
> companies and has spawned a thriving ecosystem of
> 3rd party tools. Swift's contributors are listed
> in the AUTHORS file.

(Ex. D.)[3]  The OpenStack name refers to the project, the foundation that operates it (the OpenStack Foundation), and the software (OpenStack software).  (Voccio Decl. ¶ 6.)

---

[3] Because the Amazon motion to dismiss for lack of standing attached Exhibits A-C, the exhibits attached hereto shall begin with Exhibit D.

OpenStack consists of a set of software packages that perform storage and computing functions.  (Voccio Decl. ¶¶ 7, 13-21.)  The OpenStack packages may be combined to provide various features and capabilities.  (Voccio Decl. ¶ 22.)  For example, the OpenStack Nova and Swift packages may be combined to provide distributed computing power with scalable storage.  (Voccio Decl. ¶ 22.)

The software Rackspace offers its customers and that is accused of infringement in this suit consists of OpenStack Swift and/or Nova packages configured by Rackspace for the customer's needs.  (Voccio Decl. ¶¶ 23-32.)  For example, the accused Cloud Files product is simply OpenStack Swift as configured by Rackspace for customers.  (Voccio Decl. ¶¶ 25-26.)  In addition to Cloud Files, the accused Cloud Databases, Cloud Servers, Managed Cloud Servers, Private Cloud, Cloud Block Storage, Cloud Drive, Cloud Mobile, Cloud Infrastructure, Jungle Disk Server Backup, Cloud Backup, and Server Backup products are all based on and incorporate OpenStack Swift and/or Nova.  (Voccio Decl. ¶¶ 23-32.).  The figure below illustrates the correspondence between the accused Rackspace products/services and OpenStack. (Voccio Decl. ¶ 25.)



### B.     Open Invention Network License

Rackspace executed a license with OIN ███████████ .[4]  (Ex. E.)  Like-

wise, ███████████ , Symantec executed a license with OIN.  (Ex. F.)

Under § 1.2 of the OIN license agreement, each OIN licensee grants to every

other OIN licensee (and OIN itself) a royalty free, non-transferable license under the

licensee's patents for making, using, and distributing any "Linux System," a term that

is periodically updated to indicate the software packages covered by the OIN license.

(*See*, *e.g.*, Ex. F § 1.2.)  The license covers both Predecessor and Successor Releases

(both defined terms) of the listed packages and includes a release for activity under-

taken prior to a package being listed.  (*See id.* § 1.4; Ex. G (definitions of "Linux Sys-

tem" and  "Linux Environment Component").)

In accordance with § 2.1 of the OIN license, ███████████ , OIN notified the

OIN licensees, including Symantec and Rackspace, ███████ , of proposed changes to

the "Linux System" definition that included coverage for, among other things, Open-

Stack Swift 2012.2 and OpenStack Nova 1.5.0 (as well as predecessor and successor

versions of Swift and Nova as defined in the OIN license).  ███████████████

███ ; *see also* http://www.openinventionnetwork.com/pat_linuxdefpop_table5.php).).)

Because no Limitation Election (*see* Ex. F § 2.2) was received from Symantec, the

"Linux System" definition, including OpenStack Swift and OpenStack Nova, became

effective for OIN licensees on September 10, 2013.[5]  Thus, as of that date, OpenStack

Swift and OpenStack Nova became licensed to all OIN licensees.

---

[4] Pursuant to § 2.1 of the OIN license, the terms of the OIN license were updated
several times, but none of those updates are material to this motion except for ███████
███████ update discussed in this brief.

[5] OIN received a Limitation Election from Symantec on October 8, 2013.  (Ex. I.)

### C.     Symantec/Clouding Agreement

On February 28, 2012, Symantec and Clouding (then known as STEC IP) en-

tered into an agreement concerning the patents-in-suit (the "Agreement").  (D.I. 113-1

(Ex.  A).)  █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

## IV.    LEGAL STANDARD

### A.     Motions to Dismiss for Lack of Standing

Amazon previously discussed the relevant case law on standing.  (D.I. 113.)

For the sake of brevity, Rackspace only briefly summarizes the previously cited case

law, and instead focuses on the case law most relevant to this motion.

A plaintiff must have standing to sue when it first files suit.  *Sicom Sys. Ltd. v.*

*Agilent Techs, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).  If the plaintiff lacked

standing at that time (or at any time thereafter), the court lacks jurisdiction, and the

suit must be dismissed.  *See Ballentine v. U.S.*, 486 F.3d 806, 810 (3rd Cir. 2007).  As

the party invoking federal jurisdiction, Clouding has the burden of establishing stand-

ing to sue.  *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The

Court need not presume that the allegations in the Complaint are true and may consid-

---

Pursuant to § 2.2 of the OIN license, Symantec's Limitation Election did not go into
effect until November 2013, and is not retroactive.  (*See* Ex. F § 2.2.)

er matters outside the pleadings to evaluate jurisdiction.  *Petruska v. Gannon Univ.*,

462 F.3d 294, 302 n.3 (3rd Cir. 2006).

###    B.    Lack of Standing by Those Without Exclusivity

Standing by patentees and those with "all substantial rights" more generally is

addressed in Amazon's pending motion and is not repeated here.  (D.I. 113.).  Particu-

larly relevant to the present motion is the "all substantial rights" inquiry, especially the

"right of exclusivity."  The right of exclusivity is one of the essential rights of any pa-

tent.  *See, e.g., Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F.Supp. 1352, 1372

(D. Del. 1993); *Calgon Corp. v. Nalco Chem. Co.*, 726 F.Supp. 983, 986 (D. Del.

1989) (*citing Crown Dye & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 35-39

(1923)).

Where the essential right of exclusivity is not transferred, a party lacks "all

substantial rights" and, consequently, standing to sue.  For example, transfers subject

to pre-existing licenses, especially including the right to sublicense, are not transfers

of the right of exclusivity and therefore preclude a transfer of "all substantial rights."

*See, e.g., Pfizer*, 812 F.Supp. at 1372-73; *Calgon*, 726 F.Supp. at 986; *Raber v.*

*Pittway Corp.*, 1992 WL 219016, at *3 (N.D. Cal. 1992) ("The Side Agreement grants

to [the original patent holder] 'a non-cancellable, royalty-free license under THE PA-

TENT along with the right to grant sublicenses thereunder to its subsidiaries.'  Thus,

[the assignees'] interests in the patent are not exclusive.").

###    C.    Non-Exclusive Licensees Lack Standing

A non-exclusive licensee lacks standing to bring suit for patent infringement.

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonex-

clusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement."); *see also Independent Wireless Tel Co. v. Radio Corp.*, 269 U.S. 459, 468-69 (1926) ("A mere licensee cannot sue strangers who infringe.") (internal quotations omitted).  Thus, to have standing, a licensee must, at a minimum, be an exclusive licensee.

To be an exclusive licensee for standing purposes, "a party must have received, not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory as well."  *See Rite Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995).  If the party has not received a promise of exclusivity, the party has a "bare license."  *See id.*  Such a non-exclusive licensee lacks standing to bring suit for patent infringement, or even to join a suit with the patentee.

In *WIAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257 (Fed. Cir. 2010), the Federal Circuit explained that the "touchstone" of constitutional standing in a patent infringement suit is "whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury."  *Id.* at 1265.  Because an exclusive licensee derives its standing from the "exclusionary rights" that it holds, its standing "will ordinarily be coterminous with those rights."  *Id.* at 1266.  Thus, an exclusive licensee lacks standing to sue a party for infringement "if that party holds a *preexisting license* under the patent to engage in the allegedly infringing activity."  *Id.* (emphasis added).  Similarly, an exclusive licensee lacks standing to sue a party "who has the *ability to obtain such a li-*

*cense from another party* with the right to grant it." *See id.* (emphasis added). As the court explained, in both of those scenarios, the exclusive licensee does not have an "exclusionary right with respect to the alleged infringer and thus is not injured by the by that alleged infringer." *See id.*

The rule denying standing to non-exclusive licensees was applied in *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1318 (Fed. Cir. 2010). There, the Federal Circuit held that the plaintiff patent owner failed to establish that its co-plaintiff was an exclusive licensee, and thus failed to meet its burden of showing that the co-plaintiff had standing. *Id.* The district court, therefore, had abused its discretion by allowing the co-plaintiff to join the suit. *Id.*

## V.   ARGUMENT

As a matter of law, Clouding lacks standing because Clouding does not hold "all substantial rights" and is merely a non-exclusive licensee.

### A.   The OIN License Further Demonstrates That Clouding Does Not Hold "All Substantial Rights"

Clouding's patent rights purportedly derive from the Symantec/Clouding Agreement. (*See* D.I. 113-1 (Ex. A).) █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



In *Calgon*, Calgon received an alleged "exclusive license" that was subject, *inter alia*, to licenses to the nominal patentee (Kurita) and its "Affiliates." In concluding that Calgon lacked "all substantial rights," the court noted: "It is possible to envision a multitude of circumstances in which Kurita's affiliates could exercise rights under [the patent-in-suit] against Calgon's exclusive right." *Calgon*, 726 F.Supp. at 986. *See also Pfizer*, 812 F. Supp. at 1372-73; *Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128,

1132 (Fed. Cir. 1995); *Raber*, 1992 WL 219016, at *3.  Thus, the court held that Calgon lacked standing to sue for infringement.

Similarly, Clouding lacks the essential right of exclusivity necessary to confer standing to sue. ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████ , contradict Clouding's claims that Symantec "has no rights to grant any licenses, covenants, releases and similar rights under the patents[.]"  (D.I. 129 at p. 9.) ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████   All of these facts establish that Clouding lacks the requisite exclusivity and standing to sue.

Thus, as in *Abbott*, *Pfizer*, *Calgon*, and *Raber*, Clouding lacks "all substantial rights" and standing to bring suit.[6]

---

[6] Moreover, as the party invoking the Court's jurisdiction, Clouding bears the burden of showing that this Court has jurisdiction to hear Clouding's claims.  Clouding

**B.      Rackspace Had The Ability to Obtain A License Through Symantec/OIN**

In addition to lacking standing because it is neither the patentee nor possesses "all substantial rights," Clouding cannot even be a party to this litigation because it is not an exclusive licensee.  As detailed above, both prior to May 22, 2012 and thereafter, Rackspace had the ability to obtain a license to cover each and every accused activity in this case through listing by OIN.  Such a license would be issued by one with the ability to grant it (Symantec/OIN). ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Rackspace would not need to receive a license from Clouding, as it could receive a license from Symantec/OIN.

As in *WIAV*, a party is a non-exclusive licensee if the defendant can obtain a license from a third-party with authority to issue one.  *See WIAV,* 631 F.3d at 1266.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  There-

fore, Clouding is a *non*-exclusive licensee that lacks standing to bring suit for patent infringement, and may not be named as a co-plaintiff with Symantec.  *See Sicom,* 427 F.3d at 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement.").  As a bare nonexclusive licensee, Clouding cannot sue Rackspace or the other defendants.  *See, e.g.*,

---

has not and cannot meet this burden.

*Spine Solutions*, 620 F.3d 1305 at 1318; *Independent Wireless*, 269 U.S. at 468-69 ("A mere licensee cannot sue strangers who infringe.").

### C.     Rackspace Actually Obtained A License Through Symantec/OIN

Rackspace's ability to obtain a license to the patents-in-suit is not merely theoretical. Rackspace actually obtained such a license.

As detailed above, ███████████, OIN notified its members, including Symantec, of a "Linux System" definition update that included OpenStack Swift and OpenStack Nova. (*See* Ex. H.) Symantec did not submit a Limitation Election in writing before ███████████. (*See* Ex. I.) Accordingly, effective September 10, 2013, the definition of "Linux System" in the OIN License was updated to include both OpenStack Nova and OpenStack Swift, and Rackspace was licensed with respect to Symantec's patents and those software packages.[7] (*See* Ex. F §§ 2.1-2.2.)

OpenStack Swift and OpenStack Nova are the products accused in this case. As shown in Figure 1 (and detailed in the attached Declaration of Paul Voccio), Clouding has merely accused OpenStack Swift and Nova when marketed by Rackspace with names that indicate service levels and OpenStack combinations. (Voccio Decl. ¶¶ 23-32.) Indeed, Clouding's Infringement Contentions are replete with direct

---

[7] After Rackspace and others actually were licensed, on October 8, 2013, Symantec exercised its licensing rights covering the patents-in-suit to prevent additional entities from being licensed by invoking contract provisions that limit Symantec's licenses through OIN to those issued as of November 2013. (*See* Exs. F § 2.2; I.) Pursuant to the Symantec/OIN agreement, those steps did not become effective until November 2013, after even more parties (*e.g*., defendant DropBox) were licensed. Of course, Symantec's October 2013 efforts cannot cure Clouding's lack of standing in May 2012 when Clouding sued Rackspace and cannot cure Clouding's lack of standing when it sued the other defendants in the other *Clouding* cases. Moreover, Symantec could withdraw its limitation at any time and license even more parties.

references to OpenStack as the thing actually accused.  For example, Clouding offers the following image to support Clouding's claims of alleged infringement of the '607 patent:



(*See* Ex. J at p. 1.)  Indeed, the accused Cloud Files product is in fact merely another name for OpenStack Swift, which is covered under the Symantec/OIN license.  (Voccio Decl. ¶¶ 13-16, 23-32.).

Again, Clouding cannot show that it has standing to bring claims against Rackspace because Clouding cannot show that it is even the exclusive licensee of the patents-in-suit.  Indeed, Clouding's claims are directly barred by the fact that Rackspace is actually licensed.

## VI.    CONCLUSION

Clouding is not the patentee or holder of "all substantial rights" and lacks standing to sue for alleged infringement.  Moreover, because Clouding is not even the exclusive licensee of the patents-in-suit, Clouding cannot be a party to this litigation

even if the patentee was also a plaintiff.  As the party invoking this Court's jurisdiction, Clouding bears the burden of establishing that this Court has jurisdiction to hear Clouding's claims and that is a burden that Clouding simply cannot meet.  Therefore, Rackspace respectfully requests that this suit be dismissed.

<table>
<tr><td></td><td>ASHBY & GEDDES</td></tr>
<tr><td></td><td>/s/ Andrew C. Mayo</td></tr>
</table>

*Of Counsel:*

Daniel T. Shvodian
James F. Valentine
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
(650) 838-4300

Matthew C. Bernstein
PERKINS COIE LLP
11988 Camino Real, Suite 200
San Diego, CA  92130

Dated:  December 20, 2013

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

## CERTIFICATE SERVICE

I hereby certify that on the 20th day of December, 2013, the attached **OPENING BRIEF OF DEFENDANTS RACKSPACE HOSTING, INC., RACKSPACE US, INC. AND JUNGLE DISK IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF STANDING** was served upon the below-named counsel of record at the address and in the manner indicated:


Richard D. Kirk, Esquire                                          VIA ELECTRONIC MAIL
Bayard, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Marc A. Fenster, Esquire                                         VIA ELECTRONIC MAIL
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA  90025-1031


                                              /s/ *Andrew C. Mayo*
                                              _____
                                              Andrew C. Mayo