## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-675-LPS |
| RACKSPACE HOSTING, INC., RACKSPACE US, INC., and JUNGLE DISK, LLC, | : |
| Defendants. | : |

## MEMORANDUM OPINION

Richard D. Kirk and Stephen B. Brauerman, Bayard, P.A., Wilmington, Delaware.

Marc A. Fenster, Brian D. Ledahl, and Dorian S. Berger, Russ August & Kabat, Los Angeles, California.

    Attorneys for Plaintiff.


Steven J. Balick and Lauren E. Maguire, Ashby & Geddes, Wilmington, Delaware.

Daniel T. Shvodian and James F. Valentine, Perkins Coie LLP, Palo Alto, California.

Matthew C. Bernstein, Perkins Coie LLP, San Diego, California.

    Attorneys for Defendants.


February 6, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

Presently before the Court is Defendants Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC's ("Defendants" or "Rackspace") Motion to Dismiss Plaintiff Clouding IP, LLC's ("Plaintiff" or "Clouding IP") Second Amended Complaint Pursuant to Rule 12(b)(6). (D.I. 76)

## I. BACKGROUND

Clouding IP filed this action against Rackspace on May 29, 2012, alleging patent infringement. (D.I. 1) On August 20, 2012, Clouding filed a First Amended Complaint alleging direct, indirect, and willful infringement of the patents-in-suit. (D.I. 13) On October 31, 2012, Rackspace moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (D.I. 16) On May 24, 2013, the Court granted Rackspace's motion with respect to indirect infringement, but also granted Clouding leave to amend its complaint. (D.I. 62) While the Court found the knowledge requirement for induced infringement had been adequately plead, the Court dismissed Clouding's claims because the First Amended Complaint "failed to plead facts from which the Court [could] infer intent." (D.I. 61 at 5-6)

On June 22, Clouding filed its Second Amended Complaint, alleging direct, indirect, and willful infringement. (D.I. 71 ("Second Am. Compl.")) The Second Amended Complaint alleged induced infringement of six patents. (*See id.*) On July 12, Rackspace again moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Clouding's claims of indirect infringement. (D.I. 76) The parties completed briefing on the latest motion to dismiss on August 5, 2013. (D.I. 77, 89, 94)

For the reasons discussed below, the Court will deny Rackspace's motion to dismiss.

1

## II. LEGAL STANDARDS

### A. Motion to Dismiss

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, courts are not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of

entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, the plaintiff's claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

**B.     Inducement**

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). As such, a claim for inducement must allege the requisite knowledge and intent. *See Mallinckrodt, Inc. v. E–Z–Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc). However, knowledge of infringement is not enough. *See Metro–Goldwyn–Mayer Studios v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp.*, 471 F.3d at 1306.

3

## III. DISCUSSION

Rackspace's motion presents a narrow issue as to whether Clouding failed to sufficiently plead the element of intent for its inducement claims in the Second Amended Complaint.

Rackspace contends the pleadings only allege Rackspace continued to market and sell the invention, which cannot give rise to intent to induce infringement. However, courts in this District have held that to plead indirect infringement based on conduct after a complaint was filed a party need only allege "a defendant's receipt of the complaint and [its] decision to continue its conduct despite the knowledge gleaned from the complaint." *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 (D. Del. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011)); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("[I]f a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global–Tech*.").

In its Second Amended Complaint, Clouding has alleged Rackspace's knowledge of the original complaint. (D.I. 71 ¶¶ 12, 25, 37, 56, 82, 95) ("Rackspace has had actual knowledge of the [] patent since at least the filing of the original complaint") Furthermore, Clouding has alleged that "despite the information gleaned from the original complaint in this action" (*id.* ¶¶ 18, 30, 42, 61, 88, 101), Rackspace has continued to offer the infringing products and services to customers after the original complaint was filed (*see id.* ¶¶ 14-17, 29, 41, 60, 87, 100). The Second Amended Complaint put Rackspace on notice it is alleged to have induced infringement in the post-complaint period.

4

The Court is not presented with a pleading which merely contains "a formulaic recitation of a cause of action's elements." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1346 (Fed. Cir. 2012). Clouding alleges, for example:

> Rackspace customers' and end-users' use of Rackspace's pay-per-use cloud computing products and services is facilitated by the use of pay-per-use systems and methods under the '784 patent. Thus Rackspace's ***customers and end-users are billed or charged on a pay-per-use basis when using such pay-per-use cloud computing products and services***.

(D.I. 71 ¶ 15) (emphasis added) The Second Amended Complaint also alleges specific intent through its factual allegations regarding advertising, such as: "Rackspace markets and promotes, e.g., through its ***website and sales personnel, the use of its pay-per-use products and services*** that infringe the patent when used as intended by Rackspace's customers and end-users." (*Id.* ¶ 16 (emphasis added); *see also id.* ¶¶ 28, 40, 59, 86, 99; *In re Bill of Lading*, 681 F.3d at 1341-46 (finding that advertisements encouraging customers to utilize patented invention were sufficient to plead defendants' specific intent))

*MONEC Holding AG v. Motorola Mobility, Inc.*, cited by Rackspace, is largely inapposite, because it concerns the sufficiency of allegations of indirect infringement based on pre-filing conduct. 897 F. Supp. 2d 225, 231 (D. Del. 2012) ("Defendants contend that the first amended complaint does not allege sufficient facts to support a plausible claim that each defendant actually knew of the reexamined '678 patent before the action was filed."). *MONEC* also involved merely "conclusory averments contain[ing] no factual support to establish" intent. *Id.* at 234.

Rackspace also suggests, based on the Federal Circuit's recent decision in *Commil USA,*

5

*LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013), *reh'g denied* (Oct. 25, 2013), that it cannot possess the requisite intent to induce infringement because it has a good faith basis for believing the patents-in-suit are invalid. This purported good faith basis arose after Clouding filed its First Amended Complaint, when the Patent Trial and Appeals Board ("PTAB") granted former defendant Oracle's petition for *inter partes* review of six of the patents-in-suit, based on a reasonable likelihood that Oracle would prevail in showing some of the claims at issue are unpatentable. (D.I. 77 at 7) However, as Clouding argues, *Commil* arose in a far different procedural context. *Commil* concerned whether "the district court erred in preventing Cisco from presenting evidence during the second trial of its good-faith belief of invalidity to rebut Commil's allegations of induced infringement." *Commil*, 720 F.3d at 1367. The Federal Circuit held that, on the merits at trial, "a good-faith belief of non-infringement is relevant evidence that tends to show that an accused inducer lacked the intent required to be held liable for induced infringement." *Id.* at 1367-68. There is no basis to expand *Commil* into a pleading requirement. More importantly, the public IPR documents to which Rackspace refers do not, taken in the light most favorable to Clouding, require a finding that Clouding's pleading of intent is deficient and merits dismissal of the induced infringement claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Rackspace's motion to dismiss. An appropriate Order follows.